Hemperson, Judge.
 

 I cannot but view this as a bill brought «pon a mere legal title. When the executors assented to the legacy of the mother, they thereby assented io the bequest of the issue, and they lost all control over the property as executors. Tha claim lost its le-gatory character, and even view ing this as a residuary interest, which 1 think it very much resembles, as far as respects the present question, the revolt will be the came p for I cannot think that the old law upon the subject, is ai all. altered by tiao acts of one Assembly, requiring legatees to give refunding bonds. Those who argue in favor of the alteration, contend, that a legatee for life, or other particular interest, can compel an executor to ascent to his legacy, upon giving bond for the value of the particular interest only. I would admit that if the law were, so, it would follow. Bat it appears to sue that the executor is not bound to assent to a legacy, unless he gets bond for the v aloe of the whole interest — that all the claimants, both immediate and ulterior, represent but one full owner. Nor do 1 think it reasonable that the law should divest the executor of the possession, and after the determination of the particular estate, throw ok him the burthen of regaining it tbs- the purpose of giving it over to those who have a residuary interest in It
 

 Per Curiam. The bill most *<«• dismissed.