ItuuiTN, Chief-Justice.
 

 The nature of the interests passed by the bequest of a chattel to one for life, with a limitation over to another, has been very fully discussed at the bar, in this case, The court however, docs not feel called on to enter into the ancient learning upon the subject, because wc consider the question entirely settled by repeated adjudications through a long series of years in this state, and if we should draw the conclusions from the law, for which the counsel for the plaintiff has contended, we should still be compelled to obey our own decisions.
 

 There can be no doubt that it has long been received here as law, that such a bequest of slaves is good by way of executory devise, to vest, upon the assent of the executor, the legal estate in the taker for life, with a legal remainder over. Many actions have been brought at law by the tenant for life, and also after his death by the remainder man, and during the life of the tenant for life, many bills have been filed by the remainder man
 
 *83
 
 upon his title as a legal one, for a
 
 ne exeat.
 
 The ulterior limitation has never been considered as creating a mere equity, which would be defeated by a sale without notice ; but as a vested legal interest which could not he dcstroyed'by any act of the first taker.
 

 The cases of
 
 Dun 'ivooddie
 
 v.
 
 Car-rington,
 
 (2
 
 Car.
 
 (X
 
 Dev. Eq. ca.
 
 327.) and
 
 Jones
 
 v.
 
 Zollicoffer, CJ\T. C. Term Rep.
 
 213.) considered, approved and applied.
 
 ^aw- Rep.
 
 4,6.)
 
 Ingram
 
 v.
 
 Terry gaxvTcs,
 
 122.) *'®sion v.
 
 Foster,
 

 it seems,
 
 that ■
 
 *84
 
 ment will pass every expectant interest of the wife, if it were an interest of his own, unless so limited that it cannot by possibility vest in possession during the cover-ture. But at all events an assignment of the husband, if not binding on the wife surviving, while the interest con-tinuingexpectant, is certainly valid as a conveyance, when the interest falls into possession during co-verture.
 

 
 *83
 
 In
 
 Dunwooddie
 
 v. Carrington, (2
 
 Car. Law Repos.
 
 469,) it is laid down that the assent of the executor to the legacy for' life, is an assent to that in remainder by way of . 7 . r _ _ . , . ,, ^executory devise. In
 
 Ingrams
 
 v.
 
 Terry,
 
 (2
 
 Hawks
 
 122) the same doctrine is
 
 stated ;
 
 and a bill by one taking an interest m the nature of a remainder, against the first ta-kcr as his trustee, was dismissed upon the ground that the title was a legal one, and that the remedy was at law. In
 
 Alston
 
 v.
 
 Foster,
 
 (1
 
 Dev. Eq. ca. 337,)
 
 a bill was brought by remainder men, upon their title as a legal one by the assent of the executor, and relief granted upon that ground. And in the case of
 
 Jones v. Zollicoffer,
 
 (N. C.
 
 T. Rep.
 
 213,) the same character was given to the interest of a remainder man. That .was as strong a case as it could be. The plaintiffs filed the bill for the discovery of the issue of certain slaves bequeathed to the widow of the testator for life, with remainder over to the plaintiffs and others and for a division of them.
 
 Zollicoffer
 
 purchased one of them from the widow who was also executrix, and relied upon that, and want of notice. The case was several times argued upon petitions
 
 to
 
 rehear, and a bill of review, and the decision of the court was upon two occasions given, once by Judge HeNdeiison and again by Judge Seaweii, that the defendant’s purchase did not protect him, because the widow had assented to the legacy to herself, and held as legatee when she sold, which vested a legal remainder under the ulterior limitation, against which the equity of a purchaser without notice could not prevail.
 

 The interest of the plaintiff’s wife therefore was neither an equity nor a mere possibility, but a vested remainder in a chattel not consumed in the use, and therefore capable of assignment.
 

 It is objected however, that it did not pass by the bus-hand’s assignment. I believe that at law the rule is,
 
 *84
 
 that the husband may assign every chattel interest of the wife, whether immediate or expectant, which from its nature would be legally transferable, were the interest the husband’s in his own right, with the exception of property so limited to the wife as that it cannot possibly fall into possession during the coverture. It is so laid down in the best authorities. (3 Thomas’
 
 Coke,
 
 333,
 
 note m.
 
 1
 
 Roper on Property
 
 236.) But if this would not be so as against the wife, had the husband died while the interest was yet expectant, and she had survived, yet in the event which' has happened, namely, that both have lived until the life estate expired, and the remainder has been reduced into possession, the assignment is valid against the husband as a conveyance.
 

 Whether the estoppel upon te-deny the title of the landlord or any0 case,^but in an action to resion of the thing, and possession
 
 andejectment,‘e
 
 Qo? But is clear, that one who has recived property j^the agent o anot er,
 
 *85
 
 t0 ^^ich lie discovers that he lifts ít titl.6 cast upon him by the f°r un(]ex n0 es’top-P°l in an action of trover to recover the value of
 

 
 *84
 
 It has been also contended for the plaintiff, that the defendant is estopped to deny the plaintiff’s title by acting as his agent in the division of the negroes, and taking possession in that character, of his share. It is generally true, that he who acquires possession under another shall not deny the title of him under whom he holds, so as to prevent her from reassuming the possession.— But this, as is said by Chief-Justice Henderson in
 
 Yarborough
 
 v.
 
 Harris, (ante
 
 3
 
 vol. p.
 
 40,) is not upon the strict principles of an estoppel, but upon one of morality and good faith analogous to it, and ought not to be adhered to, when it would work injustice, and especially to the right of third persons, the duty of protecting which has not been officiously assumed by the party, but ^las been confided to him by the law. Whether indeed it Can, apply in any case but one in which the landlord or bailor is seeking the possession of the thing, and the possession only, may admit of some question, as in action of
 
 detinue
 
 or
 
 ejectment.
 
 For even strict estoppels cease witli the estate to which they are annexed; and after the Party bound by them surrenders the possession, he is remitted to his ancient right, and can enforce it by action. The estoppel, or principle in the nature of an es-toppel, of which we are here sneaking, grows out of the 11 . . . „ . . , , ,B , . acquisition ot the possession, and would seem to be con-to controversies for the possession. If it should be the present action of
 
 trover,
 
 in which the
 
 *85
 
 plaintiff seeks to recover tbe full value of the property as damages for a conversion of it, the rule would work O the grossest injustice ; for the plaintiff would then be paid, not for what upon this principle, he has a right to demand from the defendant, namely, the mere naked possession of slaves, but for the full value, and the de- * feud ant would be concluded; for neither in his own right, nor as administrator, could lie have an action for the money. I do not think that a rule, the object of which is to compel the observance of honesty and good „ , , » , faith should be perverted to a purpose ot so much wrong, It is not strictly true either, that the defendant acquired the possession under the plaintiff; for they were tenants in common and had a previous joint possession. And .. . , it seems to me, that taking all the acts of the defendant, together with his declarations at the time, that he as- . sumed ot his accord, a nominal agency lor the plaintiff, so as to act in his name for the purposes of a division, but taking possession of the share in severalty, to be held according to the right, as it should afterwards turn out. It is like the common case of one acting under an irrevocable letter of attorney coupled with an interest. He uses the principal’s name necessarily ; hut as the purpose of it is seen by a reference to the authority, ho is not estopped to deny that he used it for the benefit of the principal, but may show that it was for his own.— Here the defendant at the very time of the division and taking possession, asserted the title of
 
 Magness,
 
 hut said that he was unable to produce the evidence of it; and therefore did not know whether the negroes belonged to the plaintiff or to himself as the administrator of
 
 Mug-ues s,
 
 and with that uncertainty hired them out, until the owner could be ascertained.
 

 of estoppel kfound-°n and ought not to apply to any cage where. ^ will work injustice,
 

 The case of
 
 Yarhr0‘
 
 v- Kor-
 
 p.
 
 40,) consider- and rec°s™sL
 

 But upon the authority of
 
 Yarborough
 
 v.
 
 Harris,
 
 the principle must be held not to be applicable to a case of this kind, in which the defendant is acting
 
 in aider droit,
 
 and justifies a conversion, which consists altogether in merely withholding the slave, by showing that they are the property of others and that it is a duty of an office conferred on him by the law, so to withhold them.
 

 Per Curiam — Judgment astirmed.