Gaston, Judge,
 

 after stating the case as above, proceeded : — Doubts have recently been entertained and expressed, whether a remainder in a chattel, can be sold on a
 
 fi. fa.
 
 These doubts arise because of the difficulty of making such a seizure of interests of-this kind, as the law requires of sheriffs, in a levy of personal property, consistently with the right of possession in the present holder ; and because of the necessity of actually exhibiting, at the time of sale, the chattel which is offered, or any interest in which is offered by the sheriff for sale. They are rendered
 
 *135
 
 more imposing, by a consideration of the sacrifices, almost unavoidable, in a sale of the right to a future enjoyment of a chattel, not only perishable in its nature, but so liable to be eloigned before the period of enjoyment arrives. These last suggestions would, no doubt, have great weight in interpreting the enactments of our act of 1812,
 
 (Rev. c.
 
 830,) in relation to the sale, under execution, of equitable interests, where the words of the statute do not clearly embrace them. But we believe that the rule of law is, that all vested legal interests of the debtor, which he himself can legally sell, in things which are themselves liable to be sold, under a
 
 fi. fa.,
 
 may also be so sold. Thus the goods of a pawner, or of a lessor, in the hands of a pawnee or lessee, may be sold by the sheriff, subject to the present right of possession of the pawnee or lessee. 2 Tidd’s Prac. 8th ed. 1042. Such has been the common practice in our state, and although we are not aware of any express adjudication affirming it, we have never heard of any judicial disapprobation of it, and we are not at liberty to hold it as against law. How the sheriff is to cause the possessor and temporary owner to produce the property at the day of sale, is an inquiry with which we need not now embarrass ourselves, as in this case the negro was actually present. We also understand the law to be, that the husband,
 
 jure mariti,
 
 has such a dominion over the vested legal in V . O terest of his wife, in a chattel, real or personal, of which a particular estate is outstanding, that he can sell such interest, so as to transfer it completely to the purchaser, and that the law can transfer it for his debts. We understand the effect of an assignment by the husband, of his wife’s equitable interest in a chattel, in which she has not the right of immediate enjoyment, to be different, for such assignment will not prejudice her right, should he die before her, and before the period allotted for such enjoyment to take effect.
 
 Hornsby
 
 v.
 
 Lee,
 
 2 Mad. 16.
 
 Purden
 
 v.
 
 Jackson,
 
 1 Russel, 1.
 
 Bonner
 
 v.
 
 Martin,
 
 3 Russel, 65. It is perfectly established in this state, that a vested remainder in a slave dependent on a life estate in another, is a legal interest. We are therefore of opinion, that these interests of Mrs.
 
 *136
 
 M'Intosh and Mrs. Curtis might have been sold under the execution against their husbands.
 

 
 *135
 
 All vested legal interests of a debtor, which he himself can legally sell, in things which are themselves liable to be sold under a
 
 fi. fa■
 
 may also be so sold.
 

 A husband
 
 iwre manti,
 
 hag CST1QQ Q, dominion yestedlegal interest of ^chattel)11 real or per-which °a particular estate is outstanding, that he can sell such interest, so as to transfer it completely to the purchaser ; or the
 
 *136
 
 law can transfer it for Ills debts.
 

 But the law is dif ferent as to the assignment by a husband of' his wife’s equitable interest in a chattel, in which she has not the right of immediate enjoyment, for such assignment will not prejudice her right, should he die before her, and before the period allotted for such enjoyment to take elfeet.
 

 The deed of the sheriff professes to transfer property, m execution an authority confided to him by law, and is construed with the vomito "the vendee, as án individual, duspos-i
 
 nS°
 
 
 *137
 
 things over which heclaims un-dominion! Nothing the iff’s deed> but that which he haslevied upon, and which was uptime of sale as the subject-thereof.
 

 
 *136
 
 But we agree in opinion with the Judge, that these interests were not sold by the sheriff. The deed of the sheriff professes to transfer property, in execution of an authority confided to him bv law, and is not to be construed with " ... the same favour to the vendee, as the deed of an individual, disposing of things over which he claims uncontrolled dominion. Nothing can pass by the sheriff’s deed, but that which he has levied upon, and which was known, at the time of sale, as the subject-matter thereof.
 
 Sheppard
 
 v.
 
 Simpson,
 
 1 Dev. 237.
 
 Southerland
 
 v.
 
 Cox,
 
 3 Dev. 394. Any relaxation of this rule would be highly mischievous, in preventing fair competition, and producing ruinous sacrifices. If there be any case, calling for the rigorous application of this rule, it is when reversionary interests— rights to future enjoyment — are disposed of by judicial sales. These are not the
 
 usual
 
 subjects of such sales. Their existence, nature, limitations, are not inquired into, unless attention be explicitly called to them. Without a distinct annunciation that such interests are exposed to sale, every one understands that the immediate ownership, limited or absolute, is that for which a price is demanded. The sheriff’s deed but authenticates the transaction, and shows that the transaction was a sale of property in possession. It recites the subject-matter of the sale to be negro Bob, “
 
 the property
 
 of Moses Knight,” and this recital
 
 qualifies
 
 the subsequent part of the deed, as the annunciation at the sale, in the same words, would characterise the sale itself. It
 
 may he,
 
 that if the mistake of.... , , ,
 
 r
 
 , had been in supposing the property to be in one defendant, w}jen jn truth, it was the property of another, inasmuch
 
 . ,
 
 as there was no mistake in the thing sold, the property might pass, notwithstanding the mistake of title. But here one thing was sold and another is claimed. The negro was sold as the property of him who had the negro in posses
 
 s\on¡
 
 and this without further explanation, means the immediate property in said negro; and the purchaser claims wjiat was not sold, a right of future enjoyment, if the negro should outlast his living owner. The misfortune of the
 
 *137
 
 defendant is, not that he did not obtain what he purchased, the property of Moses Knight, but that, instead of Moses Knight being the absolute, he was only the limited owner of Bob. We think that the Judge was warranted in thus considering the sale, upon an examination of the bill of sale, independently of all extrinsic proofs. But take the bill of sale, in connection with the defendant’s testimony, and the truth is undeniable. Nothing was then known of any reversionary interests in the negro Bob — nothing but Moses Knight’s interest was set up for sale, and that , I II- I , . was supposed to be an absolute interest, but proved to be an interest during the life of his wife only. 0
 
 J
 

 The other objections relied on in this case, are overruled for the reasons set forth in the case of
 
 Knight and others
 
 v.
 
 Wall.
 

 Per Curiam. Judgment affirmed,