"George Zollicoffer, by his will, made the 2d of February, 1799, after devising some part of his lands to his eldest son, devises in these words: "Thirdly, my will and desire is that all the rest of my land except that which is heretofore named shall be divided into four equal lots, (575) and my beloved wife, Ann Zollicoffer, have the privilege of taking her first choice of the said lots, and then that my three sons, George Zollicoffer, James Zollicoffer and Julius Hieronimus Zollicoffer, draw for the remaining three lots by seniority.' By the next clause, the testator directs a division of his negroes, etc., amongst his wife and children, the before-named sons and John Jacob Zollicoffer and a daughter, and then follows this clause: `At the death of my said wife, all the land and negroes that may fall to her shall return to James Zollicoffer, and in case of the death of either of my afore-named children without a lawful heir begotten of his or her body, that then his or her part shall be equally divided among the survivors.' After the death of the testator the lands were divided according to the clause of the will first above mentioned, and the premises described in the declaration were chosen by the widow as her lot. In February, 1833, the widow *Page 453 
died; and on 6 April, 1836, James Zollicoffer died, without leaving issue, but leaving the lessors of the plaintiff and the defendant, his brothers and sister, him surviving. After the death of the widow, and before the death of James, to wit, on 19 February, 1833, the said premises were sold by the sheriff under executions issued upon judgments obtained against the said James, and were bought by the defendant and duly conveyed to him. If, upon the foregoing facts, the defendant is seized of the whole, then judgment to be entered for him; but if the lessors of the plaintiff are entitled to undivided fourth parts, then judgment to be entered for them." His Honor being of opinion, upon the above case, for the lessors of the plaintiff, gave judgment for them, and the defendant appealed.
The defendant contends that upon the death of the mother the whole estate in the premises vested absolutely in James for two reasons: The one, that the testator did not intend to include the premises in the limitation over to the survivors; the other, that if he did so intend, the limitation over is too remote. (576)
The expression, "his or her part," is broad enough in its obvious signification to cover everything bestowed on each child by the will, and must be so understood, unless controlled by the words or apparent intent of other parts of the instrument. We have looked through it and do not find anything to restrain the operation of the expression to any particular portion of "the part" of the testator's estate given to his children respectively; but, on the contrary, it seems to have been used in an unrestricted sense. The testator had four sons and one daughter. By the three first clauses of his will he disposes of his real estate, giving a particular tract to his eldest son, and the residue to his wife and three other sons, equally to be divided between them. Then the fourth clause, in the first place, gives the negroes and all the other personal estate to the wife and the five children, to be divided equally between them; and in the next place, gives to James, upon the death of his mother, the land and negroes given to her. Then in the same clause is immediately added, as it were by way of proviso to the whole, that upon the death of either of thechildren, his or her part shall go to the survivors. This ends the instrument, and shows that no positive equality between the children was intended, as the daughter, for instance, comes in for a share of the land of a brother dying childless, although the will gives her no original share of land to which the brothers would succeed upon her death. Besides, following, as this provision does, so *Page 454 
immediately after the gift of the remainder to James, there would have been some plain indication of the intention to exclude that remainder from its operation, if such an intention had existed.
Upon the second point, our opinion is also against the defendant. We do not, indeed, recollect that any will has been before the Court in which real estate was given over to "a survivor," upon the death of the first taker, without issue or heir of the body. But although there may have been no direct determination as to the effect of that phrase, we have a principle established by adjudication upon cogent reasoning which covers this case and sustains the limitation. It is (577) admitted that in England these words would undoubtedly create an estate tail, and therefore import an indefinite failure of issue. But they there receive a different construction in dispositions of personalty, and the term "survivor" ties up the failure of issue to the life of one then in being. Hughes v. Sayer, 1 Pr. Wms., 534; Nichols v.Skinner, Prec. in Chan., 528. Now, in Jones v. Spaight, 1 Car. Law Rep., 544, it was held contrary to the rule, as it may be called, of Forth Chapman, that a devise over of land upon the death of the first taker, "without leaving issue," was good. It was so held, because the reason for taking those words in an artificial and technical sense, in regard to land, did not exist here since the abolition of entails, more than in regard to chattels. Therefore, in a devise of land, we must receive them in their natural sense, as they had before been received in both countries in personal bequests. The principle of Jones v. Spaight is that since 1784, executory limitations of land and chattels are to be construed alike, upon the presumption that the intention of the testator is that in each case the estate should go over on the same event; and as the limitation over of chattels on that event is sustained, so ought that of realty also. That principle is decisive of this case.
It may also be noticed, that although in this State there has been no case turning on the word "survivor," yet the point is not new in this country. In New York it is settled that "leaving," "survivor," and the like, are to be understood alike when applied to both kinds of property, and that for the same reasons which were assigned in Jones v. Spaight.Fosdick v. Cornell, 1 John Rep., 439; Anderson v. Jackson, 16 John. Rep., 381.
PER CURIAM. Judgment affirmed.
Cited: Threadgill v. Ingram, 23 N.C. 579; Spruill v. Moore, 40 N.C. 287;Ward v. Jones, id., 406; King v. Utley, 85 N.C. 61. *Page 455 
(578)