Nash, J.
 

 The first exception is sustained. The plaintiff claimed the negro Washington under the will of Mrs. Moore. She had but a life estate. ' In making her will she doubtless thought, and the commissioner has acted under a similar impression, that, as the negro Washington was given to her for life, and the subsequent disposition was void, she took an absolute estate in him under the-win of her husband, Adam Moore. It is true that the direction given for-his emancipation, was void, as be
 
 *154
 
 ing contrary to law, but Mrs. Moore’s interest in him was not thereby enlarged. By the express provisions made for her, she has an estate but for her life. With her death that interest ceased — -she had nothing to leave to another. Washington, therefore, upon her death', passed either to the next of kin of Adam Moore, or sunk into the residuum, if there was one. This has been repeatedly declared by the Court. The latest case on the subject, and we hope it will be the last, is that of
 
 Lemond
 
 v.
 
 Peoples,
 
 decided at this term. The slave, Washington, therefore, or his value, is in the hands of the defendant, Emberson, as of the estate of Adam Moore.
 

 The 2nd exception is overruled It appears, that Stephen was one of the negroes left to the widow during her lile, and to her also the testator gave, after the payment of his debts, the whole increase of the estate except the negroes. The defendant, Emberson, admits, that he did hire out Stephen for the purpose of paying debts : that, with that view, he obtained an order from the County Court to sell Stephen, but at the request of Mrs. Moore? as the balance of the debts to be paid was small, he, instead of selling, hired him out. It turned out afterwards, that the hire of Stephen was not required to pay the debts and the money is in his hands. The consent of the executor to a legacy is necessary. He is not obliged to part with the property, until the debts of the testator are discharged, and it appears, that the defendant did not assent to the legacy as to Stephen, but neither Stephen nor his hire became necessary, and the widow was entitled under the will to both. The hire of Stephen is in the hands of the defendant Emberson, for the use of the plaintiffs, representatives of Mrs. Moore. The third exception is overruled. The exception is, that the hay and corn, for which the sum of $288 is allowed by the commissioner, belong to the plaintiffs, as executors of Hannah M°9r®> but for which the estate of Adam Moore is not liable to
 
 *155
 
 account in this suit, the plaintiffs having a clear remedy at law. The question attempted to be raised is not open. It was disposed of by the decree, made on the hearing for an acoount. The other exceptions are overruled, there being no evidence to support them. The report of commissioner Caldwell is in all things confirmed, except as to the slave Washington.
 

 Per Curiam.
 

 Decree accordingly.