Ruffin, C. J.
 

 The only questions, at present presented to the Court, are in respect to the rights in the slaves given to the daughters and in the profits of them at different periods.
 

 The defendants set up claim, that in the event, which has happened, of the deaths of both Agnes and Elizabeth without issue, their interests are undisposed of by the will, and so are to be distributed as in a case of intestacy. But that claim is entirely unfounded. The whole interest is given among the daughters to them, or the survivor of them ; and no one can have any part of the property, except through the daughters or one of them.
 

 There is no doubt, that each of the daughters took a vested interest in the slaves, subject to be divested upoir her death without leaving issue and to go over as long as there was one or more of them, who-could take by survivorship. The will contains words of immediate gift either in “possession or remainder.” The division only
 
 *287
 
 postponed. Upon the death of Mrs. Moore, her share, having become absolute by her leaving issue, vested in her husband, who had the negroes in possesion and has since administered on her estate. One enquiry is, what was her share. It was one third part, if the interest of her sister Marina, upon her death in
 
 183S,
 
 survived to her and the other two sisters. It did so by force of the limitation to the “ survivors,” notwithstanding it was up. on a dying “without lawful issue.”
 
 Zollicoffer v. Zolli
 
 coffer, 4 Dev. & Bat. 438. But whatever doubt may have before existed on that point, there is none now ; as the act of 1837, C. 7. enacts that such a limitation is to be interpreted as one to take effect upon the death of the party without leaving issue living at the death, unless the contrary be plainly declared in the will. In like manner the plaintiff’s wife was entitled to one third, as her original portion and her
 
 proportion
 
 of
 
 Marina’s portion ;
 
 which now belongs to the plaintiff, either as surviving husband or as his wife’s administrator, it not being material to enquire in which capacity.
 

 Then all that remains is to Agnes. She died in 1844, after Mrs. Moore and before MiT’Spruil. The plaintiff claims that interest also in right ef his late wife, as the last survivor. As respects the original share of Agnes, it went over to Elizabeth upon the same ground that Marina’s interest survived to her three sisters Although one may regret the exclusion of Mrs- Moore’s child, yet^ the Court cannot
 
 help it.
 
 The cases of
 
 Threadgill
 
 v.
 
 Ingram,
 
 1 Ired 577, and
 
 Skinner
 
 v.
 
 Lamb,
 
 3 Ired. 155, are in point. It is true, that there is here a second death among the sisters, without issue, and, perhaps, sjjtne argument might be founded upon the word “either” ip the limitation over, as restricting the contingency to the death of the daughter first dying without issue. But that is givirfg to that word a sense as'inaccurate as any in which the testator could.
 
 *288
 
 have used it in applying it fo four persons. And whatever there might be in the argument in other cases, it is of no weight here, because it is clear, that the testator contemplated and intended to provide, for the happening of the death of more than one of his daughters without issue, from the fact, that the limitation over is, first, to the survivors, and, then, to the survivor, in the singular. This is conclusive, that the survivorship, as to the original portions, at least, was to continue on until a sole survivorship should happen after which, of course, there was to be an end of the matter, as there could be no one else to take.
 

 It is next to be considered, how the law disposed at her death of that part of the share of Agnes, which accrued to her on the death of Marina. Upon that question also the opinion of the Court is for the plaintiff._. The general rule, undoubtedly, is, that if legacies be given to three or more persons as tenants in common, in distinct shares, with a limitation over to the survivors upon the death of any of them under age or without leaving issue, and two of them die, then only the original share of the one dying last, and not the survived share, goes over. It is unnecessary at present to go through the cases, as they were all cited and considered in the elaborate opinion of Chief Justice Taylor in
 
 McKay
 
 v.
 
 Hendon,
 
 3 Murp. 21. There is nothing, however, to prevent a testator by proper words from making the right by survivorship embrace the accrued as well as the orignal shares of the second, third, or any number of donees, dying -within the period or under the circumstances limited. An express provision to that effect is the usual and the most effectual method. But the Chief Justice remarks upon the authority of
 
 Wooledge
 
 v.
 
 Churchill, 3
 
 Bro. C. C. 465, that there is established a distinct exception to the rule ; and that is, when a fund is left as an aggregate fund, and made divisible among many legatees, with
 
 *289
 
 the benefit of survivorship ; in which case, the whole fund may go to the last survivor. Mr. Justice Bulj.er sat in the case referred to, and considered, that the testator’s directing a fund, arising from the sales of his estate, to be laid out in public securities by the trustees in their names for the benefit of four infant children, among whom it was tobe equally divided upon their attaining 21, but upon the death of any before 21, then such deceased child’s share to go to the survivors or svrvivor of them, and calling this fund “the trust money” in that clause, and again calling it by the same name in an ulterior limitation to other persons in case of all the four children dying under twenty-one, did constitute it “ an aggregate fund” to be so lce.pt up by the trusees as to make the “whole fund” go over together. He remarks, that though the expression 'the whole,” or “all,” is not used, the words there used were tantamount to them : and the plaintiff, who was the sole survivor of the four children, was upon that ground entitled to the whole fund. Now, this will uses the term “all,” which Mr. Justice Buller thought would be so decisive: the disposition being, that if any of the daughters should die without issue, “the survivors or
 
 survivor
 
 of my said daughters
 
 shall have all the said negroes
 
 and their increase.” This seems to be nearly as express and positive as a provision of the kind could be. .And it was no doubt the testator’s intention, that it should be so, as we must presume from the separate provisions for his
 
 sons,
 
 with cross remainders between them, and then these-cross limitations between the daughters of a fund, in which each of them had the same interest. The meaning was, that if all the daughters died without leaving issue but one, then that one should take
 
 all
 
 the slaves: implying, necessarily, an exception that as to any one or more of them, who should leave issue, the portion or portions of her or them so dying should not go over, but become absolute.
 

 
 *290
 
 It must be declared that the plaintiff is therefore entitled to two thirds of the slaves and their increase.
 

 As the testator gave no directions for investing the profits of the negroes for an accumulation, and it is clear that he had no such intention, inasmuch as he makes no other provision for the support and education of his daughters, it follows, according to the general principle, that the proportion of the profits, to which each of the daughters was entitled up to her death, was hers, and must be accounted’ for accordingly to her administrator or be in his hands subject to distribution amongst the next of kin of the daughters respectively.
 

 There must, therefore, be the usual enquiries upon those points, and a decree for ascertaining and dividing the negroes.
 

 Per Curiam. -
 

 Decreed accordingly.