Pearson, J.
 

 Martha Corlew, by her will, gave to the defendant’s testatrix, subject to the payment of “debts, an estate for life in a tract of land,” and “ all her other prop, erty, be it'of what kind or nature soever, not herein after disposed of, and at her death to be equally divided” between the children of Celia Jones.
 

 The executor delivered the property, consisting of furniture, farming utensils, stock, &c., to the defendant’s testatrix, by whom it was consumed, disposed of’ or worn out.
 

 The plaintiffs are the children of Celia Jones, and insist, that they are entitled to recover the value of the property at the time of its delivery to the defendant’s testatrix, with interest from ncr ocaín.
 

 The defendants insist, that they are only entitled to such articles as remained on hand at the death of his testatrix.
 

 
 *179
 
 A residue, which is given for life, with a remainder over, ought to be sold by the executor, and the interest on the amount of sales should be paid to the legatee for life, the principal being kept by the executor for the remainder men. This is settled ;
 
 Smith
 
 v
 
 Barham, 2
 
 Dev. Eq. 420. The subject is there fully discussed, and it is not necessary to elaborate it again.
 

 In this case, the executor, instead of converting the property into money, and holding the principal for the plaintiffs, delivered the property to the first taker, by whom it was consumed. The plaintiffs have a clear equity against the executor for compensation on account of this breach of his duty; and he is entitled, in a settlement with the representative of the first taker, to be credited with the value of the property so consumed. For this, the case above cited is a direct authority.
 

 The plaintiffs, here, pass by the executor and call directly upon the representative of the first taker. We see no objection to their doing so. It can make no difference, whether the plaintiffs work out their equity to have the principal of the fund through fhe executor,' or apply for it directly to the representative of' the first taker. It is the case of a stakeholder, whose duty it is to see that both parties receive the benefit, to which they are entitled, but who, in breach of his duty, allows one to receive the whole. It is a plain equity, that the latter should account for and make good to the other what has been received, over and .above his share or the proportion to which he was properly entitled.
 

 There must be a reference to ascertain the value of the property at the time it was delivered to the defendant’s testatrix, and computing interest thereon from her death.
 

 Per Curiam. Decree accordingly.