*28
 
 Battle, J.
 

 The only questions presented by the pleadings, upon which the opinion of the Court is necessary, are—
 

 1st, Whether the plaintiff can, by her guardian, under the sanction of the Court, take the slaves and other personal property bequeathed to her by her grandfather, and carry them to the State of Mississippi, where she now resides, notwithstanding the execu-tory devise to her aunts, in the event of her dying under the age of twenty-one years ?
 

 2ndly, Whether she is entitled, during the period of her infancy, to the hires of the slaves and interest and profits of the other personal estate, bequeathed to her? or are said hires and profits to accumulate for her aunts, in the event provided for ?
 

 We think that there is no difficulty in either question. The Court certainly would not authorize the particular tenant of a slave, or other personal chattel, to carry such slave or chattel beyond its jurisdiction, against the wishes of the remainderman. Such an act would be in direct opposition to the power which it claims, and in a proper case always exercises, of restraining the particular owner from carrying the slave or other chattel out of the State. Wilcox v.
 
 Wilcox,
 
 1 Ire.
 
 Eq.,
 
 36—Brown v.
 
 Wilson,
 
 6 Ib., 558. Owners of executory bequests, and other contingent interests, stand in a position, in this respect, similar to vested re-maindermen, and have a similar right to the protective jurisdiction of the Court.
 
 Brown
 
 v.
 
 Wilson, ubi supra.
 

 The plaintiff is clearly entitled to the hires and profits of the slaves and other property bequeathed to her, until the event shall happen, upon which they are limited over to the aunts. To hold otherwise, would be to consult more the interest of the secondary than the primary objects of the testator’s bounty. This is entirely inadmissible, and we think the cases cited in Fearne on Contingent Remainders and Exec. Dev. 554, sec. 16, fully support our opinion.
 

 There must be a reference to take the accounts, and the Master must inquire whether the bond on Blake W. Braswell, bequeathed to the plaintiff, was, or might by proper diligence have been, collected by the defendant, Morehead.
 

 Per Curiam. Decreed accordingly.