Battle, J.
 

 It is now a settled rule in this State, that if a mixed and indiscriminate fund of goods and other things is given as a
 
 residue
 
 to one for life, with a limitation over, it is the duty of the executor to sell the property, and pay the interest to the first taker during his life, keeping the principal for the remainderman; on the ground, that this is the only mode in which the latter can get a fair share of the testator’s bounty;
 
 Smith
 
 v. Barham, 2 Dev. Eq. 420;
 
 Jones
 
 v.
 
 Simmons,
 
 7 Ire. Eq. 178. But when it appears to be the intention of the testator,, that the legatee for life shall have the use of certain articles of a specified nature, then the executor has no right to sell them, but must deliver them to the tenant for life, in which case, his assent to the legacy will enure to the benefit of the remainderman, who may, at any time, if it should become necessary, take measures to prevent the removal or destruction of such parts of it as are not of a nature to bo consumed in the use;
 
 Tayloe
 
 v. Bond, Busb. Eq. Rep. 5. When the property is given to the legatee absolutely, with an executory bequest over upon a specified contingency, the reason for delivering it to the first taker is much the stronger, because his interest is greater, and that of the ulterior limitee, is more remote and uncertain. The executor, after giving his assent, will have nothing more to do with the property, and it will be left to the person, having such executory or contingent interest, to apply to the court for its protective aid, whenever the property is really in danger of being removed, wasted or destroyed. In the case, before us, to some of the legatees, negroes and other articles are given specifically, while to others, general or pecuniary legacies only are given; but the executory limitations over are applied equally to each of the legatees, and to both species of legacies. It is clearly the duty of the executor to assent to the legacies of the slaves, and the other specified chattels, and as to them, he has no right to require the legatees to give bond, with seen-
 
 *398
 
 rity, for the forthcoming of the slaves and other articles, in the event of the ulterior limitation taking effect. The same rule, we think, must apply to the money legacies; and all that the executor can be required to do, is to take a receipt from the legatees (or from their guardians, if they be minors,) for the articles or money delivered or paid to them, for the benefit of those who may, upon the happening of the contingency mentioned in the will, become entitled to it;
 
 Bullock
 
 v. Bullock, 2 Dev. Eq. Rep. 321. A decree may be drawn in accordance with the principle herein declared.
 

 Pee CueiaM, ’ Decree accordingly.