PeaesoN, J.
 

 Where a fee is limited upon a fee by way of executory devise, or bequest, if a general right to dispose of the property is given to the taker of the first fee, such right is inconsistent with the existence of the second fee, and the consequence is that the limitation over of the second fee is inoperative and void. See
 
 Newland
 
 v. Newland, 1 Jones’ Rep. 463, where the subject is fully discussed.
 

 The specific property mentioned in the first clause of the will of Rosa Troy, and the one sixth part of the sale of the land and negroes to be sold by the sixth clause, is given to Thomas Lance, with a limitation over to Robert, Thomas, Mary, Rosanna and Harriet Ilall, in the event that Thomas Lance should die before arriving at the age of twenty-one, or if he arrives at that age, in the event of his dying intestate and without leaving issue. He arrived at the full age, but died intestate and without leaving issue. The first question is, did the limitation over take effect, or is it void ?
 

 The counsel insist that it is void, on the ground, that it is inconsistent with the right of Thomas Lance to dispose of the
 
 *352
 
 property by the will, which right is implied from the fact, that the limitation over is in the event of his dying intestate.
 

 We do not assent to tlxe proposition. The rule stated above requires that the right of disposition given to the first taker shall be
 
 general,
 
 so as to be, to all intents and purposes, inconsistent with any estate or interest in the second taker. Here, the right of disposition is
 
 limited.
 
 It can only be made in one mode, to wit, by will. So that the entire estate of the testatrix was not consumed by the gift to the first taker. There was left an interest, or possibility of interest, depending on the uncertain event of the first taker dying before he arrived at age, or after he arrived at age, without issue and without making a will; which possibility of interest the testatrix could limit over to third persons, under the doctrine of executory bequests. ^The only difference between the present case and the ordinary cases of conditional limitations and ex-ecutory devises and bequests is, that, here, the future contingent estate is made to depend not only upon the event of the death of the taker of the determinable fee under age, and if of age without leaving issue, but upon the additional event of his dying intestate, so as to make three instead of one, or two, contingencies; but there is no inconsistenc}” between the existence of this contingent estate and the estate of the first taker ; for, in order to make an absolute inconsistency, which the rule requires, the first taker must have the absolute estate, or a general power of disposition, so as to leave nothing in the testatrix capable of being given over to a third person. We are of opinion that the limitation over was valid,
 

 2nd. Harriet Hall intermarried with Wright Iluske, and died in the life-time of Thomas Lance, leaving, her surviving, her husband and one child. Her interest, under the execu-tory bequest, was transmissible to her personal representative ; because the person was certain. Where that is the case, it is well settled that the contingent remainder, or executory devise, or bequest, is transmissible by descent, or by succession.
 

 3rd. Does the
 
 property
 
 given to Thomas Lance as distin-
 
 *353
 
 guislied from the dividends of bank-stock, interest upon the money, &c., alone pass under the limitation over, or does such part of the dividends, profits, &c., as was not used by him, also pass as incident to the principal? The words are : “ then, and in that case, it is my will that the above property bequeathed to him shall be equally divided,” &c. We can see no ground for the position that the dividends and profits accruing while he owned the property, did not become his absolutely. It is true, after giving him the property, it is added “ with all increase and profits arising therefrom.” These words are superfluous. The increase and profits would have belonged to him any how, and they cannot be allowed the effect of attaching the dividends and profits to the property, so as to subject them to the limitation without manifest violence to the intention. For if so, then the primary object of the bounty of the testratrix, in respect to this property, would be left to starve, for the purpose of providing an accumulating fund for the secondary objects of her bounty.
 

 To meet this difficulty, it was suggested that only so much of the dividends and profits as were not used by Thomas Lance, should pass with the property.
 

 There is no intimation of any such middle ground contained in the will. Either all the profits pass, or none; unless we undertake to make a will for the testatrix. Our opinion is that the accrued dividends and profits belong to the personal representative of Thomas Lance.
 

 Per Curiam, Decree accordingly.