E. T. CHAMBERS *v.* H. L. BUMPASS, Ex'r.

A testator in his will leaves to E. T. C. "All the residue of my estate both real and personal, during her natural life or single state:" *Held,* that E. T. C. was entitled to the use and enjoyment of the specific property so given, and that the Executor had no right to intermeddle therewith, except to prevent a loss or unnecessary waste of the same.

CIVIL ACTION, to obtain a construction of a will, submitted without suit by the parties to the controversy, and heard by *Tourgee, J.,* at chambers in PERSON county, July 25th, 1874, upon the following

CASE AGREED.

I. John A. Bailey died in Person county aforesaid, on the 30th day of May, 1874, leaving the following last will and testament, to-wit:

"NORTH CAROLINA, *Person County.*

I, John A. Bailey, of the county and State aforesaid, being of sound mind and memory, but of feeble health, and know not how long my earthly existence can last, do make and declare this, my last will and testament:

1. It is my desire that my body shall be decently cared for, and buried by the side of my mother.

2. I desire my executor to pay all my just debts, burial and funeral expenses.

3. I leave to Elisabeth T. Chambers, my dear and near friend, all the residue of my estate, both real and personal, during her natural life or single state, and at the termination of either her death or marriage, I then desire all my property to be equally divided between my sister, Betsy Drumwright, W. H. Bailey, Thomas Bailey, and Nancy Harris's living children, share and share alike, except I only mean to give my sister Nancy Harri 's children one-fourth of my estate, it being their mother's share.

4. I want my dwelling house finished and paid for out of money I have on hand, and also the garden and yard paled in with the lumber I leave on hand; paid for as the house.

5. I desire my executor to see that my property is not wasted before the termination of the lease, so that my dear brothers and sisters may realize its value.

6. Should either my sister, Betsy Drumwright, Wm. H. Bailey, Thomas Bailey, all or either of them, die before the termination of the lease to Elisabeth T. Chambers, then I want their lawful heirs to share their part of my estate, share and share alike.

7. I leave my worthy friend, Horace D. Bumpass, executor to this, my last will and testament, and request him to execute the same. As witness my hand," &c.

II. That the said will has been duly proved in the Probate Court of Person county, and the defendant has qualified as executor thereto.

III. That Elizabeth T. Chambers, the plaintiff, is the identical person mentioned in the third paragraph of said will.

IV. That the testator, at the time of his death, was seized and possessed of a tract of land in Person county, and pos-

sessed of personal property consisting of money, cows, a horse, hogs, sheep, bonds, accounts, household and kitchen furniture.

V. That the defendant threatens to, and will, sell the aforesaid personal property, unless restrained therefrom by an order of this Court.

Wherefore, the parties pray the judgment of this Court, whether under the will aforesaid, the defendant has the right to sell the personal property aforesaid, unless it should become necessary to do so, to pay the debts of the testator.

His Honor thereupon gave the following judgment:

" Having considered the matters set forth in the case submitted, I am of the opinion that the defendant, as executor of the will of John A. Bailey, deceased, has no power or authority to deprive the plaintiff of the use and enjoyment of any part of the property whereof the testator died seized, except to prevent evident and unnecessary waste. This applies equally to the most perishable and most enduring of the property. The testator must be considered as fully understanding the nature and incidents of the property devised, as well as its amount. Knowing this, he devised this specific property to the plaintiff for her life, for the loan is but a limited bequest, and she is entitled to the use and enjoyment of the property precisely as if there were no remaindermen, except that she has no power to sell and dispose of (except produce for her own support,) nor waste the same. If it decays, wears out, or is consumed in the meantime, the executor is not liable, since the specific property is bequeathed in both instances, and not the proceeds or value thereof.

It is therefore ordered, that the defendant desist and refrain from the sale of the property, unless the same be required by the wasteful conduct of the plaintiff."

From this judgment defendant appealed.

*Jones & Jones*, for appellant.
*Smith & Strong*, contra.

PEARSON, C. J. We concur in the opinion of his Honor. No other construction can be put on the will. It was the intention of the testator that the plaintiff should enjoy the use of his house, furniture, farming utensils specifically, " during her life or single state," and not that she should have the interest on what it would sell for. I give to my son a library for life, with limitations over after his death ; the idea that the books are to be sold by the executor and my son is to have the interest of the purchase money during his life is absurd. So I give to my wife " the carriage and horses during her life or single state," the idea of a sale by the executor is absurd.

The authorities cited by the counsel of the defendants as to residuary legacies have no application, for this is not a residuary legacy, but a *universal* legacy ; that is, the plaintiff is to have the whole of his estate, after paying off the few debts which he owed, and funeral expenses. A sale of the household and kitchen furniture, &c., would entirely defeat the purpose of the testator.

If more was needed to show his intention, it is supplied by article 4, by which he directs his dwelling house to be finished, and by article 5, by which he directs his executor to see that the property is not wasted, showing his intention to be that plaintiff should have the property specifically.

No error.

PER CURIAM.                                    Judgment affirmed.