CLARK, C.J., dissenting; HOKE and WALKER, JJ., concurring in result. *Page 326 
This is an action instituted by the executor of John W. Harper against certain of the beneficiaries under his will to ascertain their respective interests in the estate of their testator and for instructions to the executor, and the only question presented by the appeal is as follows:
Has the widow of John W. Harper the right under his will to have paid over to her the share bequeathed to her, or should it be held in trust, giving her only the income during the minority of her children, or until such time as she might remarry during such minority?
The material parts of the will with the codicil thereto are as follows:
"I give, bequeath, and devise all of the residue of my property of whatsoever kind and character or wheresoever situated to my wife, Ella Chitty Harper, and my three children, Catherine, Ella, and James, each to take a one-fourth share thereof."
The will containing this item was subsequently changed by the codicil, a section of which is in the following words:
"In the event my wife, Ella C. Harper, shall remarry after my death, and during the minority of either of my children by her, then the share of my estate given to her by my said will shall be equally divided among my three children, Catherine, Ella and James, in addition to the share given them by my said will."
The property consists of real, personal and mixed property.
His Honor held and rendered judgment accordingly that the executor should not pay to the widow her share of the personal estate, and that she was only entitled to the income therefrom during the minority of the children of the said John W. Harper and then only upon her remaining unmarried, but that upon remaining unmarried until the youngest child became twenty-one she was entitled to her share absolutely, and the widow appealed.
Two cases in our Reports (Simmons v. Flemming, 157 N.C. 390, andBraswell v. Morehead, 45 N.C. 28) are decisive of the appeal.
The Court said in the first of these cases, citing Ritch v. Morris,78 N.C. 377, and Britt v. Smith, 86 N.C. 308, "The rule seems to be that whenever personal property is given, in terms amounting to a residuary bequest, to be enjoyed by persons in succession, the interpretation *Page 327 
the court puts upon the bequest is that the persons indicated are to enjoy the same in succession; and in order to give effect to its interpretation the court, as a general rule, will direct so much of it as is of a perishable nature to be converted into money by the executor, and the interest paid to the legatee for life, and the principal to the person in remainder, but when the bequest is specific and is not of the residuum, the executor should deliver the property to the one to whom it is given for life, taking an inventory and receipt for the benefit of the remainderman," and in the second, which is approved in Williams v. Smith, 57 N.C. 256;Gorden v. Lowther, 75 N.C. 195; Peterson v. Ferrell, 127 N.C. 169, "Owners of executory bequests and other contingent interests stand in a position, in this respect, similar to vested remaindermen, and have a similar right to the protective jurisdiction of the court."
The bequest to Mrs. Harper is in a residuary clause, is contingent upon her remaining unmarried until the youngest child becomes twenty-one, and falls directly within these authorities.
The case of Williams v. Cotton, 56 N.C. 395, which contains expressions seemingly at variance with the decision in Braswell v. Morehead, is considered and distinguished in Ritch v. Morris and In re Knowles,148 N.C. 461, and is shown to have rested upon the peculiar character of the property disposed of in the will then under consideration and on the language of the will.
Nor is the condition or limitation in the will, providing that the bequest to the widow be equally divided between the children of the testator in the event she shall remarry during the minority of either of the children, void as a restraint upon marriage.
"It is very generally held that conditions against the remarriage of the testator's widow are valid, whether the property be real or personal, and whether there is an immediate gift over or not; and the same is true against the remarriage of a widower." 40 Cyc. 1702, citing in support of the text decisions from the Supreme Court of the United States and from the highest courts of twenty-four States and from the courts of England and Canada. (310)
In the note to the Matter of Seaman, Ann. Cas. 1918B, 1144, after discussing the proposition that a condition in general restraint of marriage is void, the editor says:
"Where, however, a condition subsequent in total restraint of marriage is imposed on the wife or the husband of the testator the courts will uphold the condition. Daboll v. Moon, 88 Conn. 387, Ann. Cas. 1917B 164,91 A. 646, L.R.A. 1915A 311; Nagle v. Hersch, 59 Ind. App. 282, 108 N.E. 9;Knost v. Knost, 229 Mo. 170, 129 S.W. 665, 49 L.R.A. (N.S.) 627; Sullivanv. Garesche, 229 Mo. 496, 129 S.W. 949, 49 L.R.A. (N.S.) 605; Matter of Schriever, 91 Misc. 656, 155 N.Y.S. 826 *Page 328 
; Littler v. Dielmann, 48 Tex. Civ. App. 392, 106 S.W. 1137; Haring v.Shelton (Tex.) 114, S.W. 398; Re Allen, 7 Dom. L. Rep. 494; Re Lacasse, 24 Ont. W. Rep. 300, 9 Dom. L. Rep. 831, 4 Ont. W. N. 986.
It will be noted that these authorities make no distinction between the widow and the widower, and that the wife has the same right as the husband to make her gift conditional upon remaining single.
The case of In re Miller, 159 N.C. 124, goes much farther because there a condition attached to a devise of realty to a daughter that upon her death or marriage the estate should go to a son, was sustained as a valid conditional limitation, and commenting on this case in Gard v. Mason,169 N.C. 508, the Court says that the fact that there is a limitation over upon marriage, as in this case, is "determinative," "controlling," in favor of the validity of the provision in bequests of personal estate, and "is always allowed much weight in cases of real estate."
In our opinion his Honor properly held that the widow was not entitled to have her share of the personal estate turned over to her, and the judgment is
Affirmed.