ROMAINE CLARK WOODARD AND DAVID WOODARD v. WILLIAM THOMAS CLARK, JR., NANNIE SUE CLARK, GEORGE THOMAS DAVIS, MARY ELIZABETH CLARK DAVIS, GEORGE THOMAS DAVIS, JR., WILLIAM BLOUNT FLOWERS, NANNIE SUE CLARK FLOWERS, SUZANNE FLOWERS, WILLIAM THOMAS CLARK III, HENRY GROVES CONNOR, ALICE WHITEHEAD CONNOR, CHARLES E. HUSSEY, MARY CLARK HUSSEY, GEORGE HACKNEY III, BESSIE HANCOCK HACKNEY, AND THE UNBORN ISSUE OF WILLIAM THOMAS CLARK, JR., HENRY GROVES CONNOR AND MARY CLARK HUSSEY, AND WILEY L. LANE, JR., GUARDIAN AD LITEM FOR GEORGE THOMAS DAVIS, JR., SUZANNE FLOWERS, WILLIAM THOMAS CLARK III, AND THE UNBORN ISSUE OF WILLIAM THOMAS CLARK, JR., HENRY GROVES CONNOR AND MARY CLARK HUSSEY.

(Filed 24 September, 1952.)

1. **Wills § 33a: Estates § 15—**

In North Carolina the common law rule prevails that legal future interests in personal property may not be created by deed but may be created by will, either by vested or contingent limitation over after a life estate or defeasible fee.

2. **Common Law—**

The common law rule that future interests in personal property may be created by will but not by deed prevails in this State, since it has not been abrogated or repealed by statute or become obsolete, and is not destructive of, or repugnant to, or inconsistent with, the freedom and independence of this State. G.S. 4-1.

3. **Constitutional Law § 10a—**

It is the prerogative of the Legislature and not the Court to modify a recognized common law rule.

4. **Appeal and Error § 51c—**

A decision of the Supreme Court must be considered in the light of the facts of the case in which it is rendered.

APPEAL by plaintiffs from *Frizzelle, J.,* May Term, 1952, WILSON. Affirmed.

Action under the Declaratory Judgment Act, here on former appeal. *Woodard v. Clark,* 234 N.C. 215, 66 S.E. 2d 888.

The plaintiff seeks to have the Court construe the last will and testament of W. T. Clark with special reference to the property devised and bequeathed to her and to declare and fix the exact quality of her estate therein and her rights, privileges, and responsibilities in respect thereto. All of the material facts appear in the former opinion of this Court *supra.* Repetition here would serve no useful purpose.

The *feme* plaintiff is the real party in interest. We will therefore, as a matter of convenience, hereafter refer to her as the plaintiff.

When the cause again came on for hearing in the court below, Frizzelle, J., adjudged and decreed that:

"1. The devise and bequest to Romaine Clark Woodard under the will of William T. Clark as set forth and contained in Item 15 of said will and Item 5 of the codicil thereto are subject to all of the limitations, restrictions, qualifications and conditions therein contained;

"2. The plaintiff Romaine Clark Woodard holds a defeasible fee in the real property devised to her under said will and a qualified property in the personalty bequeathed to her thereunder, subject to an executory limitation over as to both the real and personal property in favor of the contingent beneficiaries designated in said will and codicil to take effect upon the death of Romaine Clark Woodard without leaving issue surviving; to the defeasible fee held by Romaine Clark Woodard in said real property and the qualified property held by her in the personalty there is coupled a restricted power of sale for the limited purpose of such exchange, conversion, investment and reinvestment of the *corpus* of said property as may be required for the prudent management and conservation of said property;

"3. Romaine Clark Woodard is entitled to the possession, use and control of the real and personal property devised and bequeathed to her under said will during her lifetime without the necessity of posting bond, subject to the right of the contingent beneficiaries under said will to seek the intervention of the Court upon a proper showing that the principal of the estate is endangered.

"4. Romaine Clark Woodard is entitled to the rents, profits and other income derived from said property for her own use and benefit during the continuance of her estate, but she is not entitled nor does she have the authority to consume, give away, sell, exchange or otherwise dispose of any part of the principal of said property either real or personal for her own use or benefit;

"5. The said plaintiff shall forthwith file with the Clerk of this Court an inventory of the real and personal property received by her under the will of William T. Clark;

"6. Upon the death of Romaine Clark Woodard leaving issue surviving her title to the *corpus* of the realty and personalty devised and bequeathed to her under the terms of said will will ripen into a fee simple as to the realty and into an absolute property in the personalty in favor of her heirs and personal representatives;

"7. Upon the death of Romaine Clark Woodard without leaving issue surviving, the contingent beneficiaries designated under the will of William T. Clark shall be entitled to the *corpus* of said property, both real and personal, and the estate of Romaine Clark Woodard shall then be liable to them for an accounting therefor;"

Plaintiff excepted and appealed.

*Brooks, McLendon, Brim & Holderness for plaintiff appellants.*

*Carr & Gibbons, Lucas & Rand, Wade A. Gardner, and Wiley L. Lane, Jr., for defendant appellees.*

BARNHILL, J.  The plaintiff on this appeal does not contend there is any error in the judgment entered in respect to the real property devised to her.  The question she raises, as stated in her brief, is this: "Is the *feme* plaintiff's estate in the personal properties bequeathed to her by Item 5 of her father's Will absolute, or is it subject to a valid limitation over?"

We settled that question on the former appeal, *Woodard v. Clark,* 234 N.C. 215, 66 S.E. 2d 888.  We then said:

"A consideration of the language contained in the Clark will in the light of this rule leads us to the conclusion that the devise to the plaintiff does not vest her with an absolute, unrestricted title to the property she received under the will.

". . . They (expressions used in the will) are imperative and dispositive in nature, effectively devising the property to others in the event plaintiff should die without issue surviving.  (citing cases)"

The cause was remanded "to the end the court may spell out plaintiff's rights and define the limitations attached to her title to the property involved."

Even so, there is perhaps language in the opinion which would prompt the conclusion we held that the provisions of the will, and particularly the codicil, are sufficient, if effective, to create limitations upon the title of plaintiff to the personal property bequeathed to her but left open for future decision the question whether such limitations are valid and vest defendants with a contingent future interest in the property.  The parties have proceeded upon the theory this was the intent and effect of the decision.  For the purpose of more complete discussion of the question we will now so treat it.

In the early days of English history, holdings of choses in action and durable personal property were comparatively insignificant. Stocks, bonds, notes, and durable chattels not purely personal in nature, such as now compose the bulk of many estates, did not exist. So it was then considered that the ownership of personal property was absolute and incapable of division into succession interests and there could be no remainder or other future interest in a chattel. ". . . Future interests other than those arising out of the law of bailments were not permitted in the field of personal property." Gavit Black. Comment. 452; 24 A. & E. Enc. 436; 2 Black. Comment. (Lewis's Ed.) 856; 2 Kent Comm. 352; Gray Perpetuities (3rd Ed.) 598; Thompson Wills 435, sec. 353; *Baker v. R. R.*, 173 N.C. 365, 92 S.E. 170.

But the courts of England in the seventeenth century relaxed the rule by holding that a future interest in personal property could be created by will. Gray Perpetuities (3rd Ed.) 600. Property *quae ipso usu consumuntur* was excepted and, originally, there were restrictions and limitations as to how such property was to be held and managed for the protection of the contingent future interest or remainder which are not material here.

"The English authorities . . . hold generally that a disposition of a remainder in a chattel is good only in a will . . . or when given by the medium of a trust." 24 A. & E. Enc. 438.

The common law rule has been abandoned by the American courts.

"Today . . . (in the various courts of the United States) the generally accepted rule is that the same future interests that are permissible in the field of real property law are also permissible in the law of personal property, and the Rule against Perpetuities is a limitation on the creation of such interests in both fields." Gavit Black. Comment. 452; 1 Simes F.I. 369; Thompson Wills 435, sec. 353; Gray Perpetuities (3rd Ed.) 72; 3 Page Wills 421, sec. 1150. For cases see Gray Perpetuities (4th Ed.), sec. 848, n. 1, and 14 N.C.L.R. 197, n. 6.

"The rule is now well established that personal property, as well as real estate, is a proper subject of executory interests and limitations, provided the contingency operating to defeat the estate of the first taker is no more remote than the law allows." Thompson Wills 443, sec. 357.

"It is the common opinion in the United States that a future limitation of a chattel personal as a legal interest can be created by deed as well as by will . . . In North Carolina alone is the opposite doctrine held." Gray Perpetuities (3rd Ed.) 73-75; 19 A.J. 570, sec. 114.

"In America a future limitation by will of a chattel personal passes a legal interest . . . Even in North Carolina, where . . . a future limitation of a chattel personal by deed is bad, a future limitation by will of

such chattel is good." Gray Perpetuities (3rd Ed.) 71-72; 1 Simes F.I. 369; Gray Perpetuities (4th Ed.) 744.

So then, as stated in the textbooks cited, North Carolina still follows the common law rule which permits legal future interests in personal property to be created by will but not by deed.

"The principle of *Jones v. Spaight* (4 N.C. 157) is that since 1784, executory limitations of land and chattels are to be construed alike, upon the presumption that the intention of the testator is that in each case the estate should go over on the same event . . ." *Zollicoffer v. Zollicoffer,* 20 N.C. 574.

"At common law the ownership of personal property was absolute and incapable of division into successive interests, but this was modified by the English courts to permit the disposition of such property *by will,* but not by deed, upon the same terms and in the same manner as real property, and this State has followed and adopted the later doctrine." *Baker v. R. R., supra.*

Recognizing and applying the common law rule as the law in this jurisdiction, we have consistently held that the bequest of a remainder in personal property subject to a preceding life estate vests in the remainderman an enforceable legal estate in the property so bequeathed. *Dunwoodie's Executors v. Carrington,* 4 N.C. 355; *Ingram v. Terry,* 9 N.C. 122; *Burnett v. Roberts,* 15 N.C. 81; *Smith v. Barham,* 17 N.C. 420; *Knight v. Wall,* 19 N.C. 125; *Knight v. Leak,* 19 N.C. 133; *Creswell v. Emberson,* 41 N.C. 151; *Chambers v. Bumpass,* 72 N.C. 429; *Hodge v. Hodge,* 72 N.C. 616; *Rilch v. Morris,* 78 N.C. 377; *Britt v. Smith,* 86 N.C. 305; *In re Knowles,* 148 N.C. 461; *Williard v. Weavil,* 222 N.C. 492, 23 S.E. 2d 890.

The rule has been applied in like manner where there was a gift generally to the first taker of (1) specific personal property, or (2) the entire estate of testator, or (3) the residue of the estate, with a limitation over to others in the event the original donee should die without issue or upon some other contingency. *M'Kay v. Hendon,* 7 N.C. 21; *Zollicoffer v. Zollicoffer, supra; Threadgill v. Ingram,* 23 N.C. 577; *Skinner v. Lamb,* 25 N.C. 155; *Gregory v. Beasley,* 36 N.C. 25; *Spruill v. Moore,* 40 N.C. 284; *Jones v. Simmons,* 42 N.C. 178; *Braswell v. Morehead,* 45 N.C. 26; *Hall v. Robinson,* 56 N.C. 348; *Williams v. Cotten,* 56 N.C. 395; *Baker v. R. R., supra; Ernul v. Ernul,* 191 N.C. 347, 132 S.E. 2.

When such future interest is created by will it is valid and vests in the ulterior taker an enforceable title either vested or contingent, depending on the condition or event upon the happening of which the right of possession is made to rest.

There is a sound reason why this Court still adheres to the common law rule. So much of the common law "as is not destructive of, or repugnant

to, or inconsistent with, the freedom and independence of this state . . . and which has not been . . . abrogated, repealed, or become obsolete . . ." is declared by G.S. 4-1 to be in full force and effect in this jurisdiction. This statute was first enacted in 1715, re-enacted in 1778, and successively with each complete re-enactment of our statute law. *Speight v. Speight,* 208 N.C. 132, 179 S.E. 461.

With full knowledge of the decisions on the subject the General Assembly has not seen fit to alter the rule except as to slaves (1 Rev. Stat., ch. 37, sec. 22, Act of 1823; Revised Code, 1854, ch. 37, par. 21), and of course both of the Acts respecting slaves are now obsolete. It is the prerogative of the Legislature and not the Court to so modify the rule as to bring it in line with modern decisions in other jurisdictions. Until this is done, we must apply the law as we find it.

For cases holding that a future interest in personal property may not be created *inter vivos* see *Brown v. Pratt,* 56 N.C. 202; *Outlaw v. Taylor,* 168 N.C. 511, 84 S.E. 811; *Speight v. Speight,* 208 N.C. 132, 179 S.E. 461; and *Nixon v. Nixon,* 215 N.C. 377, 1 S.E. 2d 828.

But plaintiff cites and relies on *Hood v. McElvain,* 215 N.C. 568, 2 S.E. 2d 557. She stressfully contends that the Court in that decision abandoned the common law rule and placed deeds and wills on a parity by holding that there can be no valid future interest in personal property created either by will or deed.

That opinion, considered apart from the record in the case, is clearly susceptible of that interpretation. "But 'the law discussed in any opinion is set within the framework of the facts of that particular case (citing cases) ;' or as expressed by *Chief Justice Marshall* in *U. S. v. Burr,* 2 L. Ed. 684, at p. 690 : 'Every opinion, to be clearly understood, ought to be considered with a view to the case in which it was delivered.' " *Poindexter v. Motor Lines,* 235 N.C. 286, and cases cited.

When the *Hood case* is so considered, it is made to appear that it does not sustain plaintiff's position. There the court below concluded that the bequest to the first taker was coupled with an unrestricted right of disposition and that therefore the limitation over to the ulterior beneficiaries was void. While the record does not seem to sustain this conclusion, the appellant did not assail the judgment on that ground or cite any authority in respect thereto. And when the gift is to the immediate legatee with unrestricted power of disposition, it vests the absolute estate, leaving nothing in the testator "capable of being given over to a third person." *Hall v. Robinson, supra,* Anno. 17 A.L.R. 2d 30. The attempted limitation over is void for repugnancy. *Hall v. Robinson, supra; Chewning v. Mason,* 158 N.C. 578, 74 S.E. 357; *Hambright v. Carroll,* 204 N.C. 496, 168 S.E. 817; 3 Page Wills 426, sec. 1153; Thompson Wills 438.

On the appeal from the judgment of the Superior Court, this Court was limited to a consideration of exceptions and assignments of error contained in the record and brought forward and discussed in the appellant's brief. Of necessity, therefore, the judgment entered was affirmed.

The court below sufficiently defined the nature of plaintiff's title to the personal property bequeathed to her and spelled out "the limitations, restrictions, qualifications and conditions" attached thereto by the language contained in the Clark will and codicil. There is no exception or assignment of error in the record directed to this particular part of the judgment and plaintiff does not challenge the same in her brief. We are of the opinion that the conclusions of the court below fully comply with the directions contained in our opinion on the original appeal and correctly interpret the terms of the will and codicil in this respect.

· The judgment entered in the court below is

Affirmed.                                                          :