PeARSoh, <J.
 

 Two questions are presente^:
 

 1st. There is no doubt, that, in pursuance of the arrangement, by which the property came into the hands of the defendant, -as guardian, the plaintiff is bound to secure tho semi-annual payment of $200 to the widow of the testator during her life, that being his rateable part of the annuity not otherwise secured. This ho may do, either by bond with personal security, or by a conveyance of a part of the property sufficient for that purpose, -as may be arranged between the parties.
 

 2d. The plaintiff, as survivor, is entitled to the share given to himself and his sister, together with any accumulation -thereGn, ¡and takes the absolute property therein, with the right to dispose of it as he may see proper, by will or otherwise, subject only to a limitation over to the children and grand-children, (who may be the children of any deceased child, and are to take by stocks <tr
 
 per stirpes)
 
 of the testator, in the event of his dying intestate, and without leaving a .child, living at his death, which limitation over is itself subject to a limitation to the wife of the plaintiff^if he should marry, of such share as she would be entitled to by law, -in the event of his dying intestate, leaving a widow.
 

 When the case was .opened, a-very interesting question was suggested, that is: Is "not the limitation over void, as being repugnant to the absolute right of disposition. The •case was held under an
 
 advisari, to
 
 consider of this question,.
 
 Wo
 
 are Satisfied, ,the question is not presented .as the ftas.e
 
 *124
 
 now stands, and therefore are not at liberty to decide it; for,, suppose tlio limitation over is not void, it is very clear that the plaintiff is entitled to have the property delivered over to him, to be disposed of as he may think proper, without giving security for its forthcoming.
 

 If property be given to one for life, with a remainder over, the executor has no right to require a bond for its forthcofifing. That must be obtained at the instance of the remainder-man, if there be good ground to fear that the property will be destroyed or taken to parts unknown;
 
 a, fortiori,
 
 the executor cannot require a bond, wdiere the property is given, with the absolute power of disposition. The only contingency in which the question, as to the repugnancy of the limitation over can ever be presented, is the death of the plaintiff intestate, without a child and without having disposed of the property. Should all of those doubtful events happen, and the plaintiff luwo creditors, who have acquired no specific lien on the property, they may raise the question as to the validity of the limitation over. Wo will uot speculate on such remote possibilities.
 

 The plaintiff is entitled to an account,'if he desires it. His rights will be declared as above. It is usual in suclv casos to decree the costs to bo paid out of the fund, but the defendant’s grounds for refusing to come to an account, and deliver over the property, aro so untenable, particularly as no difficulty was made in regard to securing the rateable part of the annuities, that wo do not allow the defendant his costs.
 

 D
 
 ecree accordingly.