# CHARLESTON

FAIRMONT TRUST CO. v. ARNETT *et al.*

Submitted March 4, 1914.   Decided April 14, 1914.

1. EXECUTORS AND ADMINISTRATORS—*Distribution of Estate—Security by Legatee.*

   An executor of a will directing him, on the happening of certain contingencies, to pay certain portions of the personal estate to persons to whom they are given, subject to provisions for gifts over to other persons, in case they should die, leaving no issue, may pay over such portions, on the happening of such contingencies without requiring the legatees to give security safely to keep the property and have it forthcoming in the event of the defeat of their estates in the manner prescribed by the will.   (p. 128).

2. SAME—*Distribution of Estate—Security—Non-resident Legatee.*

   The non-residence of such a legatee, in the absence of other facts indicative of danger of loss of the property, as the result of such payment, constitutes no ground for the requirement of such security.   (p. 129).

3. WILLS—*Action to Construe—Decree.*

   The insertion in a decree construing such a will at the instance of the executor, of a reservation to interested parties of right to require such security, in the event of future cause therefor, is not erroneous.   (p. 129).

· Appeal from Circuit Court, Marion County.

Suit by the Fairmont Trust Company against Belle Arnett and others, for construction of a will. From the decree, plaintiff and Marguerite Arnett Wilcox appeal.

*Affirmed.*

*George M. Alexander,* for Fairmont Trust Co.

*Charles Powell,* for Wilcox.

POFFENBARGER, JUDGE:

From one of numerous decrees in a suit brought by the Fairmont Trust Company, Executor of the will of C. W. Arnett, for construction of said will, the trust company and one of the beneficiaries of the will, the daughter of the testator, have appealed, the former charging error in the failure of the court to require the beneficiaries, who took defeasible estates only, to give security for the forthcoming of the personal property, in the event of the happening of contingencies terminating their estates, and the latter because the decree reserved to all interested parties, at any time in the future, right to require such security for sufficient cause.

The will provided for payment, after the death of the widow, of one half of the estate, less debts, funeral expenses, expenses of administration and certain specific legacies, to the daughter, and the other half, on certain conditions the determination of which was left in the judgment and discretion of the executor, to the son. In the event of the death of either, leaving no issue, his or her share is to go to the other or his or her decendants, if any, in case such other be dead also.

As unconditional payment to the daughter was authorized and directed by the will, after the death of the widow, which has occurred, and to the son, upon conditions determinable by the executor itself, it certainly had no such right, interest or duty as afforded ground for the requirement of security, unless the non-residence of the daughter, a citizen of Michigan, imposed such duty or conferred such right. In the absence of any circumstance endangering the fund and presumptively not within the contemplation of the testator, the requirement of such security would be an addition to his will, imposing a considerable burden upon the beneficiaries, which he likely never intended.

In the absence of a statute or provision of the will, requiring it, the legatee of a life or defeasible estate in personal property cannot be compelled to give security for the safe

keeping of the property until the termination of the estate, unless there is danger of its loss. *Foley* v. *Burnell*, 1 Bro. Chan. Rep. 279; *Hudson* v. *Wadsworth*, 8 Conn. 348; *Taggard* v. *Piper*, 118 Mass. 315; *Ryerson's Will*, 26 N. J. Eq. 43; *Pelham* v. *Taylor*, 54 N. C. 121; *Williams* v. *Cotton*, 56 N. C. 395; *Hodge* v. *Hodge*, 72 N. C. 616; *Estate of Oertle*, 34 Minn. 173; 4 Kents Com., sec. 126; Page on Wills, sec. 598. There is some authority to the contrary, but the opinions seem to have been delivered without any investigation of the subject. *Power* v. *Lynah*, 2 Desans. (S. C.) 52; *Schackelford* v. *Buchannan*, 1 Desans. (S. C.) 570. In Pennsylvania, a statute requires such security. *Duval's Appeal*, 38 Pa. St. 112. We have no such statute and the subject does not fall within the spirit of secs. 29 and 30 of chap. 87 of the Code.

How the non-residence of the daughter can change the rule, we are unable to see. There is no suggestion of irresponsibility on her part as in the case of *Hudson* v. *Wadsworth*, 8 Conn. 348; and *Langworthy* v. *Chadwick*, 13 Conn. 42. There was none in *Clark* v. *Terry*, 34 Conn. 176, in which security was required, it is true, but the court entered upon no inquiry as to whether anything more than non-residence and probable removal of the property was necessary. Nothing in the will of the testator suggests intent to require the property to remain in the state or to impose a condition upon its removal therefrom. If there should be occasion to require security to prevent waste or loss of the property while in the possession of the first taker, the courts of any state have ample power to adopt adequate measures to prevent it.

Nor did the court err in the reservation of right to insist upon such security, if at any time cause therefor shall arise. The reservation does no more than declare the rights of the parties as fixed by the will and the law applicable thereto. It neither adds to, nor abates anything from, the rights of any of the parties.

Being free from error, the decree will be affirmed.

*Affirmed.*