Battle, J.
 

 It is very clear that the plaintiffs have not, by their bill, shown any title to the slaves, with respect to whom they seek relief. They claim under a bill of sale which they allege was executed in Virginia, by which the female slave,
 

 
 *204
 
 of whom the others are the children, was limited to- the defendant Mrs. Garden for life, with remainder to her four daughters, of whom the feme plaintiff is on e. There is no allegation that the common law, by which a limitation over, by deed, of personal property, after a life-estate-, is void, does not prevail in that State. We must, therefore, presume that it does, and that, consequently, the plaintiffs have no title under the limitation. In support of this conclusion, the case of
 
 Griffin
 
 v. Carter, 5 Ire. Eq. Rep. 413, is a direct authority.
 

 The only difficulty which- tlie case presents arises from the state of the pleadings. AH the defendants have joined in a demurrer, and. at the same- time one of them has filed an answer. Tlie answer certainly overrules the demurrer as to the party who put it in ; Cooper’s Eq. PI. 113, citing 3 P. Williams, 80, 2 Atk. 282 ; but we think it does not affect tho demurrer as to- the- other defendants, for the reason that if several join in one- demurrer to a bill, it may be good as to one defendant and' bad as to the others. .Cooper’s Eq. PL 113-; 8 Ves. jun. 403 ; Stor. Eq. Pl. sec. 443. In this respect a demurrer in Equity differs from one at Law. Stor. Eq. PL
 
 ubi sicpra.
 
 If the answering defendant, in the- present case, were any other than a mere formal party, the- result would be that, upon the demurrer upon which the cause is set down for argument, the bill would be dismissed as to-all but him, leaving it to be decided as to him upon the hearing-; but as he is a mere formal party, against whom no relief is prayed-, it would be useless to retain the- canse, and; the bill must, therefore, be dismissed altogether. As the plaintiffs sue
 
 in-forma pauperis^
 
 no costs are given.
 

 Pee. Cueiam, Decree accordingly!