H. C. MERRITT AND OLLIE MERRITT, THE LAST NAMED BEING A MINOR APPEARING HEREIN BY HIS NEXT FRIEND, C. R. STROTHER, v. L. T. INSCOE, ROBERT INSCOE, IDA INSCOE, KANIZA INSCOE, MRS. ANNA INSCOE GILL, J. A. MUNN, MRS. MARY EVANS, MOSES INSCOE, ROYAL INSCOE, GROVER INSCOE, OLLIE INSCOE, MRS. EFFIE HUNT, MRS. ELIZA WEBSTER, WILLIS MAY, CHARLES MAY, BETTY MAY EDWARDS, AND G. M. BEAM, TRUSTEE.

(Filed 24 November, 1937.)

1. **Wills § 33c—Devisee held to take defeasible fee which became absolute upon his death leaving children him surviving.**

   A devise to certain beneficiaries with provision that upon their death without issue the lands should go to M., the testator's son, and should M. leave no child, the land to be divided among named remaindermen, "and in case of their death, their children to this heir same," *is held*, upon the death of the first named beneficiaries without issue, to create a defeasible fee in M., which is made absolute upon his death with children him surviving, and M.'s children take as heirs of M. and not as remaindermen under the will of their grandfather.

2. **Descent and Distribution § 13—**

   Where parties take lands as heirs at law of their father and not as remaindermen under the will of their grandfather, they take the land subject to a mortgage executed by their father.

3. **Judgments § 9—**

   A judgment upon an agreed statement of facts rendered out of term and out of the county may not be rendered by default final as against defendants failing to file answer, since such defendants are not parties to the agreed statement of facts, and did not consent that the judgment be signed out of term and out of the county.

APPEAL by plaintiffs and defendants Munn and Evans from *Harris, J.*, at February Term, 1937, of FRANKLIN.

On plaintiffs' appeal: Judgment affirmed.
On defendants' appeal: Judgment reversed.

Action to remove cloud on plaintiffs' title to certain land, caused by a deed of trust thereon executed by Chas. S. Merritt, deceased father of plaintiffs, heard upon agreed statement of facts. From judgment that plaintiffs are owners of the land subject to the lien of the deed of trust, plaintiffs appealed, and from so much of the judgment as decreed judgment by default against defendants Munn and Evans, holders of one of the notes secured by the deed of trust, the named defendants appealed.

*W. H. Yarborough and Gholson & Gholson for plaintiffs.*
*G. M. Beam and White & Malone for defendants.*

DEVIN, J.   The only question presented by the plaintiffs' appeal is whether the deed of trust executed by plaintiffs' father, Chas. S. Merritt, constitutes a valid lien on the land, and this depends upon the construction of the will of Morris Merritt from whom the land originally descended.

The portion of the will as to which this controversy arose is in the following words: "I give and bequeath to my beloved wife, Polly Merritt, as a home for her and Nancy Morris and Lucius B. Merritt and Martha A. Merritt and Chas. S. Merritt one hundred and ninety-five acres of land known as the homestead, lying east and west of the house, and all the improvements thereon; at the death of Polly Merritt and Nancy Morris and Lucius B. Merritt and Martha A. Merritt, in case they have no living child, this land known as the homestead goes to Chas. S. Merritt, and should he leave no child, this land and homestead is to be equally divided between Polly W. Purnell, Edward M. Merritt, and John W. Merritt and Malissa Francis Merritt, and in case of their death, their children to this heir same."

It is admitted that Polly Merritt is dead, and that Nancy Morris, Martha A. Merritt, and Lucius B. Merritt died without issue, and that Chas. S. Merritt survived the other devisees named in said item, and, after executing the deed of trust referred to in 1935, died leaving the plaintiffs, H. C. Merritt and Ollie Merritt, his only children.  The deed of trust conveyed the one hundred and ninety-five acres of land to G. M. Beam, trustee, to secure the payment of five notes in the sum of $560.00 each, all of which are now held by defendants and unpaid.

The provision in the will that "at the death of Polly Merritt and Nancy Morris and Lucius B. Merritt and Martha A. Merritt, in case they have no living child, this land known as the homestead goes to Chas. S. Merritt," nothing else appearing, would unquestionably, under the admitted facts, vest the title in fee simple in Chas. S. Merritt (C. S., 4162), and the added words, "and should he leave no child," the land to be divided between Polly Purnell and others, constituted a defeasible fee, which became absolute upon his death leaving children him surviving.

So that the land descended to his children, the plaintiffs, as heirs of Chas. S. Merritt, and not as remaindermen under the will of Morris Merritt.   Hence it follows the plaintiffs took the land subject to the lien of the deed of trust executed by Chas. S. Merritt.   *Whitfield v. Garris,* 134 N. C., 24, 45 S. E., 904.

The facts in the cases cited by plaintiffs, *West v. Murphy,* 197 N. C., 488, 149 S. E., 731, and *Hauser v. Craft,* 134 N. C., 319, 46 S. E., 756, where the devise was to the first taker for life only, are distinguishable from those upon which the well-settled rule laid down in *Whitfield v.*

*Garris,* 134 N. C., 24, 45 S. E., 904, was based. *Daly v. Pate,* 210 N. C., 222, 186 S. E., 348; *Murdock v. Deal,* 208 N. C., 754, 182 S. E., 466; *Alexander v. Fleming,* 190 N. C., 815, 130 S. E., 867; *Walker v. Butner,* 187 N. C., 535, 122 S. E., 301; *Vinson v. Gardner,* 185 N. C., 193, 116 S. E., 412; *Love v. Love,* 179 N. C., 115, 101 S. E., 562; *Radford v. Rose,* 178 N. C., 288, 100 S. E., 249.

The judgment declaring the plaintiffs to be the owners of the land subject to the lien of the deed of trust to G. M. Beam, trustee, is affirmed.

The appeal of the defendants, J. A. Munn and Mrs. Mary Evans, involves the correctness of the judgment by default final against them for failure to file answer to the complaint. Since it appears that the judgment was rendered upon an agreed statement of facts to which the appealing defendants were not parties, and that they did not consent that the judgment be signed out of term and out of the district, that portion of the judgment by default against these defendants must be held for error and stricken out.

On plaintiffs' appeal, affirmed.

On defendants' appeal, reversed.