MRS. JOSEPHINE MILLER HOOD v. MRS. MARY MILLER McELVAIN AND HUSBAND, C. C. McELVAIN, MRS. ROBERTA MILLER DEHNE AND HUSBAND, THEODORE DEHNE, PAUL E. MILLER, SAMUEL G. MILLER, FRANCES I. MILLER, ROBERTA MILLER, JULIAN S. MILLER, JR., AND ROBERT MILLER.

(Filed 3 May. 1939.)

**1. Wills § 33a—**

A bequest of personal property with provision for defeasance if the legatee should die childless, with limitation over of the defeasible fee, vests the absolute title in the legatee, the limitation over being void.

**2. Wills §§ 33c, 33f—**

A devise of realty with provision that if the devisee dies childless the land should revert to testator's grandchildren "except so much as she may wish to will to Christian benevolence" conveys a defeasible fee to the devisee, the power of disposition being restricted.

APPEAL from *Sinclair, Emergency Judge,* at April Term, 1939, of MECKLENBURG. Modified and affirmed.

Action under the Declaratory Judgment Statute to construe the will of R. G. Miller. From judgment for the plaintiff defendants appealed.

*Fred C. Hunter for plaintiff.*
*J. H. McLain for defendants.*

DEVIN, J. By this appeal the Court is called upon to determine the rights of the parties under the following clause of the will of R. G. Miller:

"In case Josephine G. Miller should die childless, I will that her share of my estate named above shall revert to my eight grandchildren except so much as she may wish to will to christian benevolence."

Previously in his will the testator had given to his daughter Josephine (now the plaintiff Josephine Miller Hood) certain real and personal property. The later disposition of this property, in the event she should die childless, does not affect the validity of the bequest of personal property previously given her, and as to that she takes it freed of any condition. *Nixon v. Nixon, ante,* 377. The court below properly so held.

As to the real property devised, however, it is apparent that only a defeasible fee is conveyed (*Whitfield v. Garris,* 134 N. C., 24, 45 S. E., 904; *Daly v. Pate,* 210 N. C., 222, 186 S. E., 348; *Merritt v. Inscoe,* 212 N. C., 526, 193 S. E., 714), and that plaintiff's title thereto is subject to be defeated, with limitation over, in the event she should die childless. The power of disposition given in the quoted clause of the

will is not unlimited but is restricted to conveyance by will to Christian benevolence. *Hampton v. West,* 212 N. C., 315, 193 S. E., 290. In this respect the judgment of the court below must be modified to conform to this opinion.

Modified and affirmed.