ROMAINE CLARK WOODARD AND DAVID WOODARD v. WILLIAM
THOMAS CLARK, JR., NANNIE SUE CLARK, GEORGE THOMAS
DAVIS, MARY ELIZABETH CLARK DAVIS, GEORGE THOMAS
DAVIS, JR., WILLIAM BLOUNT FLOWERS, NANNIE SUE CLARK
FLOWERS, SUZANNE FLOWERS, WILLIAM THOMAS CLARK III,
HENRY GROVES CONNOR, ALICE WHITEHEAD CONNOR, CHARLES
E. HUSSEY, MARY CLARK HUSSEY, GEORGE HACKNEY III, BESSIE
HANCOCK HACKNEY, AND THE UNBORN ISSUE OF WILLIAM THOMAS
CLARK, JR., HENRY GROVES CONNOR AND MARY CLARK HUSSEY.

(Filed 10 October, 1951.)

**1. Wills § 31—**

The objective of construction is to effectuate the intent of the testator
as expressed in his will, for his intent as so expressed is his will.

**2. Wills § 33a—**

While a devise is to be construed to be in fee simple unless a contrary
intent plainly appear from the instrument, G.S. 31-38, and a devise gen-
erally and indefinitely, standing alone, constitutes a devise in fee simple,
where the clause devising property generally to a beneficiary expressly
states that it should be "subject to the other provisions of my will, both
hereinbefore and hereinafter contained," another item which clearly ex-
presses testator's intention to transfer an estate of less dignity than a fee
simple becomes incorporated therein and is controlling.

**3. Same—**

Where, after a general devise, a later item stipulates that in the event
the beneficiary should die without issue her surviving, the property given
to her should pass to such of her kindred as are of testator's blood, and
that the property should "be divided" and certain of testator's kindred as
ascertained in the manner set forth in the will "shall have such part" as
should be ascertained under the provisions of the instrument, the later
item makes a positive disposition of the property in the event the first
beneficiary should die without issue, and, with other portions of the will
in this case, clearly expresses testator's intent that the first beneficiary
should take less than a fee absolute.

**4. Wills § 33f—**

Where a beneficiary is granted power to sell and convey any part of the
property devised to her, but such power is connected with discretionary
authority to exchange, convert, invest and reinvest any part of the prop-
erty as changing conditions might require, and there is a positive disposi-
tion of the property to others in the event the first beneficiary should die
without issue her surviving, and not a mere disposition of what might be
left, the first beneficiary is not given an unrestricted power of disposition,
but only the power to sell or exchange for reinvestment, and she does not
take the fee absolute.

**5. Wills § 39—**

Where, in an action to construe a will, the parties request the court to
define the exact measure of plaintiff's title and fix and declare the force

and effect of conditions and qualifications annexed thereto, plaintiff is entitled to such adjudication, and where the trial court fails to so adjudicate the cause will be remanded.

**6. Same: Appeal and Error § 1—**

The Supreme Court has no original jurisdiction to declare and define an estate conveyed by will, but is limited to a review of the decisions of the Superior Courts of the State.

VALENTINE, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Harris, J.,* May Term, 1951, WILSON. Error and remanded.

Action under the Declaratory Judgment Statute in which plaintiff prays the court to construe the will of William T. Clark with special reference to the property devised to her and declare and fix the exact quality of her estate therein and her rights, privileges, and responsibilities in respect thereto.

On 9 March 1939, William T. Clark, a resident of Wilson County, died testate, possessed of a large and valuable estate consisting of both real and personal property. In his will, after making certain specific gifts and devises, he devised all the rest and residue of his estate to his wife and daughter, plaintiff herein, in the following language:

"ITEM 15: Subject to the other provisions of my Will, both hereinbefore and hereinafter contained, all the rest and residue of my estate of every kind and character, real, mixed, or personal, wheresoever the same may be situate, after the payment of the above enumerated legacies, and the payment of my debts, charges and costs of administration, taxes of all kinds, I give, devise and bequeath unto my wife, Mary H. Clark and unto our daughter, Romaine Clark Woodard, share and share alike."

Item 16 of the will contains certain provisions regarding the estate devised to plaintiff. The testator, by codicil, revoked this item in his will and substituted in lieu thereof Item 5 of his codicil which is as follows:

"I hereby revoke Item 16 in my Last Will and Testament and do ordain, declare and publish the following in lieu thereof: My daughter, Romaine Clark Woodard has no children at the time of the writing of this Will. I have no desire to hamper or restrict her in the ownership of the property which I am giving her in this my Last Will and Testament, but I do desire in the event she dies without issue surviving, that the property which I have given to her in this my Last Will and Testament shall pass to such of her kindred as are of my blood, as hereinafter named, to-wit:

"If at the death of my daughter, without leaving issue surviving, my nephews, William T. Clark, Jr., and Henry Groves Connor, III, and my

niece Mary Clark Hussey are each and all living, then the number of children which all have, shall be determined and the property passing under this provision shall be divided into as many parts as there are children of my said nephews and niece, and each of my nephews and niece shall take as many parts as he or she has children.

"In the event of the death of my daughter without issue surviving, either of my nephews or my niece shall have no children—(my grand-nephews or grandnieces), then the property is to be divided into as many parts as there are children—(my grandnephews and grandnieces), the one or ones having no children being counted as one of my grandnieces or grandnephews, and the nephew or niece which has no children shall each take one part and those having children shall take as many parts as they have children.

"If, upon the happening of such event, either one of my nephews or my niece shall be dead, leaving issue surviving, such issue shall take such part as his, her or their parents would have taken. If, upon the happening of such event, either one of my nephews or my niece shall be dead, without leaving issue, the property is to be divided among the survivor or survivors of their issue, in accordance with the rules herein laid down.

"I realize that it will be very difficult to ascertain at the death of my daughter without issue, what her part of her then estate will be derived from this my Last Will and Testament, as the investments which she will take from me will doubtless be changed from time to time and the identity be lost and converted into other investments. This can only be done upon the basis of ascertaining what proportion of her estate at her death, which she takes under this my Last Will and Testament, will bear to the total of her estate or some such method of calculation as that. My daughter, so long as she lives, is to have full power of disposition, whether the property be real or personal; she may sell the same, conveying an absolute fee simple title thereto; she may convert the same from one species of property to another species of property; she may change the investments. Any conveyance or disposition made by her shall put in the purchaser or vendee an absolute fee simple title. I have heretofore given my daughter large sums of money. This Will is in no wise to affect her disposition of that or of any sum which she derived from any other source, it being my purpose and intent that this provision in my Last Will and Testament shall only apply to the property which she takes hereunder.

"If my daughter, Romaine Clark Woodard shall leave issue surviving, then the provisions which I have herein made in the event of her death without issue, of course shall not apply."

Item 16 of the will and Item 5 of the codicil are in substantially the same language except that in the will the gift over is to his sister, his

nephew, and his niece, whereas in the codicil it is to his two nephews and his niece, and the basis of division is not identical.

The plaintiff alleges and contends that she was devised an absolute, unqualified estate in and to one-half of the residuum and that the provisions of Item 5 of the codicil are void and without effect and for that reason in no wise limit the absolute title devised to her. The defendants, on the other hand, allege and contend that said provisions are valid and vest title to said property in them, effective at the death of plaintiff, provided she dies without issue.

No child has yet been born to plaintiff, but she has adopted two children for life. She is anxious to know the exact quality of the estate devised to her and her rights in respect thereto. She prays that the court adjudge that she is the absolute owner of the property, unaffected by any provision of Item 5 of the codicil, and that, in the event the court shall not so hold, then that it adjudicate, fix, and declare the exact title and interest in the same and the nature and extent of the limitations, qualifications, and restrictions imposed on her title by the provisions of the codicil. The defendants, asserting a defeasible title in remainder, join in plaintiff's latter prayer.

The court below entered judgment, the material parts of which are as follows:

"2. That the devise and bequest to Romaine Clark Woodard as set forth in Item Fifteen (15) of the Will and Item Five (5) of the Codicil are subject to all of the limitations, restrictions, qualifications and conditions therein contained.

"3. That Romaine Clark Woodard holds a defeasible fee, only, in and to the realty and personalty devised and bequeathed to her under said Item Fifteen (15) of the Will and Item Five (5) of the Codicil."

It did not, however, undertake to answer and comply with the second prayer of plaintiff by spelling out the exact nature and extent of the limitations imposed on plaintiff's title by the provisions of the codicil. Plaintiff excepted and appealed.

*Brooks, McLendon, Brim & Holderness for plaintiff appellants.*

*Lucas & Rand, Wade A. Gardner, Carr & Gibbons, and Wiley L. Lane for defendant appellees.*

BARNHILL, J. The rules controlling the construction of a will are variously stated in numerous decisions of this Court. They all come to this: The objective of construction is to effectuate the intent of the testator as expressed in his will, for his intent as so expressed is his will. *Seawell v. Seawell,* 233 N.C. 735, and cases cited.

A consideration of the language contained in the Clark will in the light of this rule leads us to the conclusion that the devise to the plaintiff does not vest her with an absolute, unrestricted title to the property she received under the will.

It is true that a devise of real property shall be construed to be a devise in fee simple "unless such devise shall, in plain and express words, show, or it shall be plainly intended by the will, or some part thereof, that the testator intended to convey an estate of less dignity," G.S. 31-38, and a devise generally or indefinitely, standing alone, constitutes a devise in fee simple. *Buckner v. Hawkins,* 230 N.C. 99, 52 S.E. 2d 16, and cases cited. But here the devise was made "subject to the other provisions of my Will, both hereinbefore and hereinafter contained." Thus the testator, by reference incorporated all the provisions of Item 5 of the codicil in, and made them a part of, Item 15 and subjected the devise to the limitations thereby imposed.

These provisions of the will clearly express the intention of the testator that plaintiff should take an estate in the residuary devise of less dignity than a fee simple.

The language in the codicil, "I have no desire to hamper or restrict her in the ownership of the property . . . but I do desire in the event she dies without issue surviving, that the property which I have given to her . . . shall pass to such of her kindred as are of my blood, as hereinafter named," is inseparably tied in with the succeeding positive disposition of the property in the event plaintiff shall die without issue surviving. "The property passing under this provision shall be divided"; "shall each take one part"; "the property is to be divided"; "shall have such part" are not words of recommendation, wish or desire. They are imperative and dispositive in nature, effectively devising the property to others in the event plaintiff should die without issue surviving. *Brinn v. Brinn,* 213 N.C. 282, 195 S.E. 793; *Elmore v. Austin,* 232 N.C. 13, 59 S.E. 2d 205.

This conclusion is supported by at least two other provisions in the codicil which clearly indicate the testator intended that plaintiff should take less than a fee absolute. He provides a method of ascertaining, at the death of plaintiff, that portion of her then estate which represents the devise to her. He then, later, says: "I have heretofore given my daughter large sums of money. This Will is in no wise to affect her disposition of that or of any sum which she derived from any other source, it being my purpose and intent that this provision in my Last Will and Testament (Item 5 of the codicil) shall only apply to the property which she takes hereunder." Why provide for the separation of her estate at the time of her death, or stipulate that the conditions contained in the will shall not apply to property he had given her during

his lifetime, save to make clear his intent that the conditions shall, as he unequivocally states, limit the estate devised?

The power of disposition vested in plaintiff is not sufficient to bring this devise within the line of cases relied on by plaintiff. The testator does not confine the limitation over to property "not used by her" or property she does not consume as in *Barco v. Owens,* 212 N.C. 30, 192 S.E. 862; or to property which the plaintiff "dies possessed of," as in *Carroll v. Herring,* 180 N.C. 369, 104 S.E. 892; or "what is left" after a power to "use and spend as he chooses, without any restriction," as in *Roane v. Robinson,* 189 N.C. 628, 127 S.E. 626; or what shall "remain unconsumed and undisposed of" pursuant to a power "to use, consume and dispose of the same absolutely as she shall see fit" as in *Heefner v. Thornton,* 216 N.C. 702, 6 S.E. 2d 506; or "whatever property there is left" pursuant to power "to do as they like with this property" as in *Taylor v. Taylor,* 228 N.C. 275, 45 S.E. 2d 368.

An unrestricted power of disposition in the first taker is implicit in the expressions "what remains," "such portion as may remain undisposed of" and the like.

Here the limitation over is of the *corpus* of the estate devised to plaintiff. Nowhere in the will is she, either expressly or impliedly, vested with authority to consume, give away, or dispose of any part of the principal for her own use or benefit.

Unquestionably she is granted the power to sell and convey any part of the property. However, this power must be construed in the light of the other provisions of the will, particularly of Item 5 of the codicil. It is inseparably connected with and attached to the discretionary authority to exchange, convert, invest, and reinvest any part of the property as changing conditions may require. As said in *Chewning v. Mason,* 158 N.C. 578, 74 S.E. 357: "There is a marked distinction between property and power." When she disposes of any part of the *corpus,* she is to receive a *quid pro quo*—its equivalent in cash or securities—and the property received in exchange becomes a part of the devised estate in lieu of that which is conveyed.

The court below entered judgment that plaintiff is seized of a defeasible fee only. But the term "defeasible fee" denotes a base or qualified fee in realty. It is peculiar to the law of real property, and is not ordinarily used to denote an estate in personalty.

The owner of a base or qualified fee has the right to the present possession, use, and control of the property. *Pendleton v. Williams,* 175 N.C. 248, 95 S.E. 500; *Bunting v. Cobb, ante,* p. 132. He does not, however, have the power to sell and convey any part of the property and vest the purchaser with absolute title. This authority is vested in plaintiff. It

would seem, therefore, that the adjudication does not adequately define the nature and quality of plaintiff's title.

It is true the court further adjudged that plaintiff holds title to the property "subject to all the limitations, restrictions, qualifications and conditions" contained in the will. The plaintiff, however, prays the court to fix and declare the force and effect of these conditions and qualifications and define the exact nature of her title and her rights in and to both the personal property and the real estate bequeathed and devised to her. She is entitled to a specific answer to her prayer. This the court failed to give.

Is the language of the codicil sufficient to create a trust? If not, just what are the limitations upon plaintiff's title? At common law there could be no limitation over of an estate in personal property without the intervention of a trustee. *Brown v. Pratt,* 56 N.C. 202; *Speight v. Speight,* 208 N.C. 132, 179 S.E. 461. Does that rule still prevail in this State? *Ernul v. Ernul,* 191 N.C. 347, 132 S.E. 2; *Baker v. R. R.,* 173 N.C. 365, 92 S.E. 170. If so, is it controlling here? These and perhaps other questions lie at the root of the problem plaintiff's petition presents to the court. As yet they have not been adequately answered. For that reason the cause must be remanded to the end the court may spell out plaintiff's rights and define the limitations attached to her title to the property involved.

Why doesn't this Court perform this judicial function and be done with it? Simply because this Court possesses no original jurisdiction in such matters. Its duty is to review the decisions of the Superior Courts of the State. The court below must exercise its original jurisdiction. If the parties are not then satisfied with the judgment entered they may bring the cause back for review.

Counsel have filed comprehensive briefs. While we have not deemed it necessary at this time to cite all the cases to which our attention has been directed, they have, none the less, been of material assistance to the Court. However, counsel do not undertake to draw any distinction between the real and the personal property. Perhaps there is none. In any event, it is "a hole worth looking into."

Error and remanded.

VALENTINE, J., took no part in the consideration or decision of this case.