H. Lee FINLAYSON, Jr., Plaintiff,

v.

CABARRUS BANK & TRUST COMPA-NY, a North Carolina Corporation, Concord, North Carolina, as Surviving Executor and Trustee Under the Last Will and Testament of Emma F. Whitman, Deceased, Defendant,

and

Arthur Lee Padgett, Jr. and First & Merchants National Bank of Richmond, Virginia, as Executors and Trustees Under the Last Will and Testament of Norwood K. Whitman, Deceased, Defendants-Intervenors.

No. C-109-G-58.

United States District Court
M. D. North Carolina,
Greensboro Division.

March 4, 1960.

Smith, Moore, Smith, Schell & Hunter, of Greensboro, N. C., and Tucker, Mays, Moore & Reed, of Richmond, Va., for plaintiff.

E. T. Bost, Jr., and W. H. Beckerdite, Concord, N. C., for defendant.

Adams, Kleemeier & Hagan, of Greensboro, N. C., for defendants-intervenors.

STANLEY, District Judge.

This is an action by the plaintiff, H. Lee Finlayson, Jr., a resident of the State of Florida, against the Cabarrus Bank and Trust Company, a North Carolina banking corporation, as surviving executor and trustee under the last will and testament of Emma F. Whitman, deceased, in which the plaintiff seeks possession of shares of certain common and preferred stock of the National Oil Company, and other property, or the cash equivalent thereof. The plaintiff asserts that he is entitled to the stock and properties, or their value, under the will of his grandmother, Hattie Lee Finlayson.

The defendant filed answer denying that plaintiff is entitled to the possession of said stock and properties, or their value, and set up by way of further answer and defense that the rights of the parties had already been adjudicated adverse to the plaintiff in a civil action brought by Emma F. Whitman, defendant's testate, in the Superior Court of Cabarrus County, North Carolina, against H. Lee Finlayson, Jr., the plaintiff herein, and others, wherein it was decreed that Emma F. Whitman took a fee simple interest in certain real estate under the will of her mother, Hattie Lee Finlayson.

The plaintiff replied to the defendant's answer and asserted that the Cabarrus County action did not have the effect of construing the will of Hattie Lee Finlayson, but that if such action did have

such legal effect, the judgment was void by reason of the circumstances under which the action was brought and the circumstances under which the plaintiff had executed an assignment.

Thereafter, the defendants-intervenors, Arthur Lee Padgett, Jr., and First and Merchants National Bank of Richmond, Virginia, as executors and trustees under the last will and testament of Norwood K. Whitman, deceased, by consent of counsel for plaintiff and defendant, were permitted to intervene and for the reason that the recovery of the stock and properties, or their value, sought by the plaintiff, would diminish and reduce the principal of a marital deduction trust established under the will of Emma F. Whitman for the benefit of her husband, Norwood K. Whitman, and would thus adversely affect the beneficiaries of the estate of Norwood K. Whitman. The defendants-intervenors answered the complaint and denied that plaintiff was entitled to the relief sought.

After the pleadings were filed and the issues joined, the parties filed a written stipulation of facts. It was agreed that four questions arose upon the pleadings and the stipulations, the first three of which involved matters of law not requiring the intervention of a jury and should be decided by the court upon the stipulation of facts, the pleadings, and briefs and oral arguments of the parties. In the event the fourth question should become determinative of the rights of the parties, any issue of fact in connection therewith is to be submitted to a jury.

The briefs of the parties having been received, the court, after considering the pleadings, stipulations, exhibits, oral arguments, and briefs of the parties, now makes and files herein its Findings of Fact and Conclusions of Law, separately stated:

### Findings of Fact

1. The plaintiff, H. Lee Finlayson, Jr., is a citizen and resident of the State of Florida.

2. The defendant, Cabarrus Bank and Trust Company, is a North Carolina banking corporation with its principal office in Concord, Cabarrus County, North Carolina, within the jurisdiction of this court. Emma F. Whitman died a resident of Cabarrus County, North Carolina, in August, 1957, and left a last will and testament naming the defendant, Cabarrus Bank and Trust Company, and her husband, Norwood K. Whitman, as co-executors and co-trustees. Norwood K. Whitman died on December 25, 1957, and the defendant, Cabarrus Bank and Trust Company, thereafter became and is now vested with the sole and exclusive authority as executor and trustee under the last will and testament of Emma F. Whitman. The will of Emma F. Whitman has been duly probated in the Superior Court of Cabarrus County.

3. The defendants-intervenors, Arthur Lee Padgett, Jr., and First and Merchants National Bank of Richmond, Virginia, are the duly appointed executors and trustees under the last will and testament of Norwood K. Whitman, deceased, which said will has been duly probated in the chancery court of the City of Richmond, Virginia. Arthur Lee Padgett, Jr., is a citizen and resident of the City of Richmond, Virginia, and First and Merchants National Bank of Richmond, Virginia, is a national banking corporation with its principal office and place of business in the City of Richmond, Virginia.

4. The amount in controversy in this action, exclusive of interest and costs, exceeds $3,000.

5. Hattie Lee Finlayson, grandmother of the plaintiff and mother of defendant's testate, Emma F. Whitman, died in Goldsboro, Wayne County, North Carolina, in 1925, leaving a last will and testament which was duly admitted to probate in the Wayne County Superior Court.

6. The pertinent provisions of the will of Hattie Lee Finlayson are as follows:

"3rd. My National Oil Stock Company is to be equally divided between my husband, H. L. Finlayson, daughter, Emma Finlayson Cannon, and son, H. Lee Finlayson.

"5th. All other stocks, bonds, and real estate to be divided equally between my daughter, Emma Finlayson Cannon, and my son H. Lee Finlayson.

"8th. I want my husband to wear my wedding ring on his watch chain. My son H. Lee Finlayson to have my largest solitaire diamond ring. My daughter in law Rosalie Harwood Finlayson, my dinner ring. My daughter all other jewelry during her natural life. At her death my larvilier, two stone diamond ring and diamond watch to my niece and namesake, Hattie Lee Borden. The other jewelry to be sold, money received from same to be given my grandson, H. Lee Finlayson, Jr., unless he wants the jewelry to wear himself.

"10th. Should my daughter die without children what I have bequeathed to her is to divided between children of my son H. Lee Finlayson. Should she leave children all jewelry is to be theirs, and bequests made above except Rosalie Harwood Finlayson ring, this is to be given her regardless."

7. Emma Finlayson Cannon, mentioned as one of the beneficiaries in the will of Hattie Lee Finlayson, was married to E. T. Cannon until January 19, 1938, and was thereafter married to Norwood K. Whitman until the date of her death in August, 1957. No child was born to her of either marriage. Emma Finlayson Cannon, one of the beneficiaries under the will of Hattie Lee Finlayson, and Emma F. Whitman, defendant's testate, was one and the same person.

8. H. Lee Finlayson, mentioned as a beneficiary in the will of Hattie Lee Finlayson, and who was the son of Hattie Lee Finlayson and the father of the plaintiff, died testate on September 8, 1937, leaving the plaintiff as his only surviving child, and without any other child having been born to him.

9. Included in the assets of the Hattie Lee Finlayson estate were 1920 shares of common stock of National Oil Company and 488 shares of preferred stock of National Oil Company. Emma Finlayson Cannon (Whitman) received in distribution from the estate of her mother, Hattie Lee Finlayson, 640 shares of common stock of National Oil Company, evidenced by Certificate No. 25, and 163 shares of preferred stock of National Oil Company, evidenced by Certificate No. 11, both certificates being dated January 23, 1926. These certificates were reissued to Emma F. Whitman by National Oil Company, by new certificates dated August 10, 1942, the common stock being represented by Certificate No. 71 and the preferred stock by Certificate No. 46. National Oil Company is the same corporation referred to in Item 3 of the will of Hattie Lee Finlayson as "National Oil Stock Company."

10. The estate of Emma F. Whitman is still in the process of administration and cannot be settled until the matters at issue in this action are finally determined.

11. By unanimous consent of all the stockholders, the National Oil Company has been completely liquidated. Its preferred stock has been redeemed; its common stock has been called in and cancelled; and its assets have been distributed to the stockholders.

12. The Cabarrus Bank and Trust Company, as surviving executor and trustee under the last will and testament of Emma F. Whitman, holds the proceeds derived from the redemption of the 163 shares of preferred stock of National Oil Company, and the cancellation and redemption of the 640 shares of common stock of National Oil Company, which said shares, both common and preferred, were derived by Emma F. Whitman from the estate of her mother, Hattie Lee Finlayson, deceased.

13. During the early part of 1927, Emma F. Whitman, defendant's testate, instituted a civil action in the Superior Court of Wayne County, North Carolina, entitled "Emma Finlayson Cannon and husband E. T. Cannon v. H. Lee Finlayson and wife, Rosalie Finlayson, H. Lee

Finlayson, Jr., and any child or children that may be hereafter born to said H. Lee Finlayson and any child or children that may be hereafter born to said Emma Finlayson Cannon." The verified complaint refers to the death of Hattie Lee Finlayson in 1925, quotes verbatim item 5 and item 10 of her will, and alleges that Hattie Lee Finlayson died seized of certain described land in Wayne County, North Carolina, which was conveyed by these items of her will. The fourth paragraph of the complaint makes the following allegations with respect to the interest of each of the parties in the land:

"Fourth: That the plaintiff Emma Finlayson Cannon and the defendant H. Lee Finlayson each has a vested interest in said lot of land, said H. Lee Finlayson owning an indefeasible fee-simple estate in an undivided one-half interest therein, and said Emma Finlayson Cannon having a life estate in an undivided one-half interest therein, and the other defendants having contingent remainder interests in said undivided one-half interest in which said Emma Finlayson Cannon has a life estate."

After then alleging that the property was in need of repair, and that it would be to the best interest of all concerned that same be sold, it was requested that provision be made "for the reinvestment of the proceeds of the sale of the undivided one-half interest in which the said Emma Finlayson Cannon has a life estate. * * *"

14. On February 28, 1927, a judgment was entered in the Superior Court of Wayne County, North Carolina, in the action referred to in the preceding paragraph, in which it was found that "H. Lee Finlayson is the owner in fee simple of an undivided one-half interest in said lot of land, and that Emma Finlayson Cannon has a life estate in an undivided one-half interest in said lot of land." The land was then ordered sold for a specified price, with the provision that one-half of the purchase price be paid to the Clerk of the Superior Court of Wayne County for investment by him, or his successors in office, and the interest paid to Emma Finlayson Cannon during her lifetime.

15. On January 7, 1928, another judgment was entered in the Superior Court of Wayne County, North Carolina, authorizing the sale of certain farm lands in Wayne County, which were owned by Hattie Lee Finlayson on the date of her death, and which passed under items 5 and 10 of her will. The judgment made substantially the same findings as the judgment of February 28, 1927, with respect to the interest of Emma Finlayson Cannon in the property, and ordered that one-half the purchase price, representing the interest of Emma Finlayson Cannon, be paid to the Clerk of Superior Court of Wayne County for investment according to law. It was further ordered that Emma Finlayson Cannon should receive the interest and profits from said fund during her lifetime, after which it was to be disposed of according to the terms of the will of Hattie Lee Finlayson.

16. A total of $14,880 was paid to the Clerk of the Superior Court of Wayne County, North Carolina, under the terms of the judgments of February 28, 1927, and January 7, 1928, representing one-half of the net proceeds from the sale of land owned by Hattie Lee Finlayson on the date of her death.

17. At the June, 1931, civil term of Superior Court of Wayne County, North Carolina, an order was entered appointing the Wayne National Bank, of Goldsboro, North Carolina, as trustee, to receive, invest and manage the funds referred to in the preceding paragraph, and directing the payment of the interest and profits to Emma Finlayson Cannon, as previously ordered in the judgments of February 28, 1927, and January 7, 1928.

18. In December, 1931, the Wayne National Bank suspended business and F. F. Fagan was appointed receiver.

19. In October, 1932, Emma Finlayson Cannon and F. F. Fagan, receiver of the Wayne National Bank, instituted a

civil action in the Superior Court of Wayne County, North Carolina, against H. Lee Finlayson and others. The complaint made reference to the judgments of February 28, 1927, and January 7, 1928, authorizing the sale of lands owned by Hattie Lee Finlayson on the date of her death, the judgment entered at the June, 1931, term of Superior Court of Wayne County appointing the Wayne National Bank trustee of the funds previously paid to the Clerk of the Superior Court of Wayne County, and the insolvency of the Wayne National Bank and the appointment of F. F. Fagan as receiver. The court was then requested to appoint a successor trustee to receive, invest, and manage the funds in the hands of the receiver.

20. At the October, 1932, civil term of Superior Court of Wayne County, North Carolina, a judgment was entered appointing D. Ray McEachern, Clerk of Superior Court of Cabarrus County, North Carolina, as trustee, to receive, invest, hold and dispose of the funds as provided by the will of Hattie Lee Finlayson. At the January, 1933, civil term of Superior Court of Wayne County, North Carolina, a supplemental judgment was entered rescinding that portion of the judgment entered at the October, 1932, civil term, which required the Clerk of the Superior Court of Cabarrus County to give a bond in twice the amount of the funds to be turned over to him. The supplemental judgment further made a finding that Emma Finlayson Cannon was a resident of Cabarrus County, and that the appointment of the Clerk of the Superior Court of Cabarrus County would enable her to confer with said successor trustee from time to time and be advised of the status of the trust.

21. On or about the 14th day of April, 1942, an action was instituted in the Superior Court of Cabarrus County, North Carolina, entitled "Emma Finlayson Whitman vs. H. Lee Finlayson, Jr., and D. Ray McEachern, Trustee, and H. R. Alexander, Guardian Ad Litem for the Unborn Children of Emma Finlayson Whitman, and Hattie Lee Borden." The verified complaint in this action alleges, in pertinent parts, that Hattie Lee Finlayson died on July 5, 1925; that Hattie Lee Finlayson left a last will and testament, a copy of which was attached to the complaint; that H. Lee Finlayson, Sr., the only brother of Emma Finlayson Whitman, died on September 9, 1937, leaving him surviving one child, namely, H. Lee Finlayson, Jr.; that Hattie Lee Finlayson at the time of her death owned certain real estate which was sold for division in two proceedings instituted in the Superior Court of Wayne County, North Carolina; that one-half of the net proceeds from the sale of the land was paid to the Clerk of the Superior Court of Wayne County, North Carolina, trustee, for the use and benefit of Emma Finlayson Whitman; that the Clerk of the Superior Court of Wayne County became seriously involved financially; that the Wayne National Bank was subsequently appointed trustee to receive, hold and invest said funds; that the Wayne National Bank subsequently transferred, pursuant to a judgment of the Superior Court of Wayne County, North Carolina, said funds to D. Ray McEachern, Clerk of the Superior Court of Cabarrus County, North Carolina, as trustee; and that under the will of Hattie Lee Finlayson, "Emma Finlayson Whitman inherited and took in fee simple a one-half undivided interest" in the real estate sold in the Wayne County Superior Court proceedings, and that she was entitled to the immediate possession of the balance of the funds in the hands of D. Ray McEachern, trustee. The complaint then prayed that the plaintiff, Emma Finlayson Whitman, be declared to be the owner and entitled to the immediate possession of the funds held by D. Ray McEachern, Clerk of the Superior Court of Cabarrus County, as trustee.

22. H. Lee Finlayson, Jr., the plaintiff herein, filed an answer in the Cabarrus County action in which he admitted the material allegations, and alleged that since the institution of the action he had executed and delivered to Emma Finlayson Whitman an assignment, dated the

29th day of May, 1942, whereby all of his right, title and interest, if any, whether present or prospective, in the cash and assets involved in the action had been conveyed, transferred and assigned to Emma Finlayson Whitman, and that he no longer had or claimed any interest, either present or prospective, in said cash and assets.

23. On May 29, 1942, and prior to the filing of the answer referred to in the preceding paragraph, H. Lee Finlayson, Jr., executed a written assignment to Emma Finlayson Whitman, which assignment referred to the sale of certain real estate in Wayne County, North Carolina, belonging to Hattie Lee Finlayson on the date of her death, and the payment of one-half of the proceeds from said sales to the Clerk of the Superior Court of Wayne County, North Carolina, and the subsequent proceedings transferring the funds to the Wayne National Bank, trustee, and the later proceedings transferring the funds to D. Ray McEachern, Clerk of the Superior Court of Cabarrus County, North Carolina, as trustee, and the desire of the assignor, H. Lee Finlayson, Jr., to sell, transfer and assign all of his right, title and interest in said funds to Emma Finlayson Whitman. The instrument then makes the assignment in the following language:

"Now therefore, in consideration of the sum of One ($1.00) Dollar paid by the party of the second to the party of the first part, the receipt whereof is hereby acknowledged, the said party of the first part has bargained, sold, conveyed, and assigned, and by these presents does bargain, sell, convey, and assign to Emma Finlayson Whitman all the right, title, and interest, if any, either present or prospective which the said H. Lee Finlayson, Jr. has, or may have, in or to, any of the money, assets, bonds, or property and the income thereof received and held by D. Ray McEachern, Trustee, from Frank F. Fagan, Receiver of Wayne National Bank, and which money originally came from Hattie

Lee Finlayson under and pursuant to the terms of her last Will and Testament."

24. On June 10, 1942, a judgment was entered in said proceeding in the Superior Court of Cabarrus County. in which it was found, in pertinent parts, that H. Lee Finlayson, Jr., was more than 21 years of age and had executed and delivered to Emma Finlayson Whitman the assignment referred to in the preceding paragraph; that Emma Finlayson Whitman had never had any children, and that it was impossible for her to ever give birth to a child. Upon the facts found, the court concluded:

"1. That the plaintiff, Emma Finlayson Whitman, formerly Emma Finlayson Cannon, took a fee simple interest in a one-half undivided interest in the real estate described in paragraph seven of the complaint, and that the bonds and money held by D. Ray McEachern was derived from and represented the proceeds of the sale of the one-half undivided interest in the real estate which was devised in fee simple to the plaintiff.

"2. That if H. Lee Finlayson, Jr. had any interest, either present or prospective, in the bonds and money involved in this action he has transferred and assigned the same by valid assignment to the plaintiff.

"3. That the plaintiff is the owner of the bonds and money and that no other persons, either in esse or in posse have any interest, either present or prospective, therein and that the plaintiff is entitled to the immediate possession thereof."

25. The defendants-intervenors, Arthur Lee Padgett, Jr., and First and Merchants National Bank of Richmond, Virginia, as executors and trustees under the last will and testament of Norwood K. Whitman, deceased, have an interest in this action by reason of the fact that the recovery of the shares of stock of National Oil Company by the plaintiff would diminish and reduce the

principal of a marital deduction trust established under the will of Emma F. Whitman, and would thus adversely affect the beneficiaries of the estate of Norwood K. Whitman, deceased. The estate of Norwood K. Whitman is still in the process of administration and cannot be settled until the matters at issue in this action are finally determined.

## Discussion

It has been agreed that the following four questions arise upon the facts and pleadings, and are determinative of the rights of the parties:

(a) Under the last will and testament of Hattie Lee Finlayson, what interest, if any, in the property referred to in the complaint, or the proceeds thereof, vested in the plaintiff upon the death of the defendant's testate?

(b) What effect, if any, did the assignment executed by H. Lee Finlayson, Jr., dated May 29, 1942, have upon the rights of the plaintiff as contingent beneficiary or remainderman under the last will and testament of Hattie Lee Finlayson?

(c) What effect, if any, did the judgment entered in the Cabarrus County Superior Court have upon the rights of the plaintiff as contingent beneficiary or remainderman under the last will and testament of Hattie Lee Finlayson?

(d) If said assignment or said judgment in the Cabarrus County Superior Court affected the rights of the plaintiff under the last will and testament of Hattie Lee Finlayson, is said judgment void for fraud?

It has been further agreed that the first three questions involve matters of law not requiring the intervention of jury, and are to be decided by the court upon the stipulated facts, the pleadings, and briefs and oral arguments of the parties. In the event the fourth question is found to be determinative of the rights of the parties, any issue of fact in connection therewith is to be submitted to a jury. The first question will be discussed separately, but since the second and third questions are so closely related, and both involve the Cabarrus County proceeding, they will be discussed together.

### I

Under the Last Will and Testament of Hattie Lee Finlayson, What Interest, if any, in the Property Referred to in the Complaint, or The Proceeds thereof, Vested in the Plaintiff Upon the Death of the Defendant's Testate?

Since jurisdiction is founded on diversity of citizenship, and both Hattie Lee Finlayson and Emma F. Whitman were residents of this state at the time of their deaths, and the property involved is located in this state, the law of North Carolina governs the rights of the parties. Erie Railroad Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

The plaintiff contends that upon the death of Emma F. Whitman, defendant's testate, without children, all of the personal property bequeathed to her under Items 3 and 5 of the will of her mother, Hattie Lee Finlayson, vested absolutely in the plaintiff. The defendant and the defendants-intervenors argue that the bequests to Emma F. Whitman under Items 3 and 5 of the will of Hattie Lee Finlayson are absolute and unconditional in nature, and are not restricted or limited by the provisions of Item 10 of the will. The decisions of the Supreme Court of North Carolina clearly support the contentions of the plaintiff.

The rules controlling the construction of a will are variously stated in numerous decisions of the North Carolina Supreme Court. The rule is succinctly stated in Woodard v. Clark, 1951, 234 N.C. 215, 66 S.E.2d 888, 890, as follows:

"The objective of construction is to effectuate the intent of the testator as expressed in his will, for his intent as so expressed is his will. Seawell v. Seawell, 233 N.C. 735, 65 S.E.2d 369, and cases cited."

The rules of construction are more fully stated in Roberts v. Saunders, 1926, 192 N.C. 191, 134 S.E. 451, 452, as follows:

"It is now a truism of law that the intent of the testator is the object to be sought in construing a will, and that this dominant intent must be found in an examination of the instrument in its entirety. To this end all the clauses of a will should be reconciled, if possible, because the maker is presumed to have intended that each and every clause should take effect."

In Barton v. Campbell, 1957, 245 N.C. 395, 95 S.E.2d 914, 915, one of the later decisions on the subject, the rule is stated in the following language:

"In finding the answer to question (1), we must recognize that the intention of the testatrix is her will. Woodard v. Clark, 234 N.C. 215, 66 S.E.2d 888. The intent must be carried out unless some rule of law forbids it. Hummell v. Hummell, 241 N.C. 254, 85 S.E.2d 144; Wachovia Bank & Trust Co. v. Green, 238 N.C. 339, 78 S.E.2d 174."

In summary, it is uniformly held that wills must be so construed as to effectuate the intent of the testator, and that the primary purpose is to ascertain the intention of the testator from the language used by him, taking the will as a whole and not in separate parts. The only limitation placed on carrying out the intent of the testator is that the expressed intent not violate some rule of law.

Applying these rules of construction to the factual situation here involved, it is manifest that Hattie Lee Finlayson did not intend to bequeath to her daughter, Emma Finlayson Cannon (Whitman) an absolute estate in the personal property devised under Items 3 and 5 of her will, otherwise the words used in Item 10 would be meaningless and unnecessary. Mrs. Finlayson's grandchildren were undoubtedly in her mind when she made her will, and were

as much the objects of her bounty as her daughter. It is evident that she intended to provide for the care of her daughter as long as she lived, and then provide for her grandchild or grandchildren should her daughter die without children.

There is no merit to the contention that Item 10 of the will is inconsistent with Items 3 and 5. They are entirely consistent, and reflect clearly the intention of Hattie Lee Finlayson to provide for both her daughter and her grandchildren. The language she used is too plain, and the meaning is so clear and obvious, that technical or assisting rules of construction need not be resorted to by the court. Under these circumstances, the language employed by the testatrix must be taken to mean what it says. While it is true that Items 3 and 5 standing alone would ordinarily vest the absolute title to the property in defendant's testate, there can be no doubt but that the bequests were restricted and limited by Item 10.

On the question of the intent of the testatrix, the defendant argues that Mrs. Finlayson, in Item 8, gave certain jewelry to her daughter "during her natural life," and then provided for the disposition of the jewelry after the death of her daughter, and that from this language it should be obvious that when Mrs. Finlayson desired to give less than a full and absolute interest, she knew what language to employ. This argument must be rejected in view of the plain and obvious intent of the testatrix when she merely placed an executory limitation upon the property bequeathed to her daughter in Items 3 and 5, whereas only a life estate was given to her daughter in the jewelry referred to in Item 10. In other words, Item 8 creates a life estate regardless, whereas the absolute title conveyed by Items 3 and 5 could only be defeated by her daughter dying without children.

Neither does the expressed intent of Hattie Lee Finlayson violate any rule of law. Whatever might have been the

holdings of the North Carolina Supreme Court in some of its earlier decisions involving executory limitations in personal property, the rule is now well established that personal property, as well as real estate, is a proper subject of executory interests and limitations. A lengthy discussion of this entire subject is to be found in the comparatively recent decisions of Woodard v. Clark, 1951, 234 N.C. 215, 66 S.E.2d 888, and Woodard v. Clark, 1952, 236 N.C. 190, 72 S.E.2d 433.

The Woodard case was before the North Carolina Supreme Court on two occasions, and is factually similar to the case under consideration. In Item 15 of his will, the testator devised and bequeathed unto his wife, Mary H. Clark, and unto his daughter, Romaine Clark Woodard, in equal portions, all the rest and residue of his estate, both real and personal. By a codicil to the will it was provided that in the event Romaine Clark Woodard should die "without issue surviving" the property given to her should pass to certain specified persons. In the first appeal, it was held that the devise to Romaine Clark Woodard did not vest her with an absolute, unrestricted title to the property she received under the will, but the case was remanded to the lower court for findings on certain questions which were not decided at the first trial. On the second appeal, Woodard v. Clark, 1952, 236 N.C. 190, 72 S.E.2d 433, 436, the court reviewed both the English and American authorities on the creation of a future interest in personal property by deed and by will. It was pointed out that North Carolina adhered to the common law rule which permits legal future interest in personal property to be created by will although such is not permitted by deed.[1] The court then went on to state:

"Recognizing and applying the common law rule as the law in this jurisdiction, we have consistently

held that the bequest of a remainder in personal property subject to a preceding life estate vests in the remainderman an enforceable legal estate in the property so bequeathed. Dunwoodie's Executors v. Carrington, 4 N.C. 355; Ingrams v. Terry, 9 N.C. 122; Burnett v. Roberts, 15 N.C. 81; Smith v. Barham, 17 N.C. 420; Knight v. Wall, 19 N.C. 125; Knight v. Leak, 19 N.C. 133; Cresswell v. Emberson, 41 N.C. 151; Chambers v. Bumpass, 72 N.C. 429; Hodge v. Hodge, 72 N.C. 616; Ritch v. Morris, 78 N.C. 377; Britt v. Smith, 86 N.C. 305; In re Knowles' Estate, 148 N.C. 461, 62 S.E. 549; Williard v. Weavil, 222 N.C. 492, 23 S.E.2d 890.

"The rule has been applied in like manner where there was a gift generally to the first taker of (1) specific personal property, or (2) the entire estate of testator, or (3) the residue of the estate, with a limitation over to others in the event the original donee should die without issue or upon some other contingency. McKay v. Hendon, 7 N.C. 21; Zollicoffer v. Zollicoffer, supra [20 N.C. 574]; Threadgill v. Ingram, 23 N.C. 577; Skinner v. Lamb, 25 N.C. 155; Gregory v. Beasley, 36 N.C. 25; Spruill v. Moore, 40 N.C. 284; Jones v. Simmons, 42 N.C. 178; Braswell v. Morehead, 45 N.C. 26; Hall v. Robinson, 56 N.C. 348; Williams v. Cotten, 56 N.C. 395; Baker v. Atlantic Coast Line R. Co., supra [173 N.C. 365, 92 S.E. 170, L.R.A.1917E, 266]; Ernul v. Ernul, 191 N.C. 347, 132 S.E. 2.

"When such future interest is created by will it is valid and vests in the ulterior taker an enforceable title either vested or contingent, depending on the condition or event upon the happening of which the

1. Following the Woodard decision, the General Assembly of North Carolina, in 1953, enacted G.S. § 39-6.2, which provides: "Any interest or estate in personal property which may be created by last will and testament may also be created by a written instrument of transfer."

right of possession is made to rest."

In Barton v. Campbell, 1957, 245 N.C. 395, 95 S.E.2d 914, 915, the testatrix bequeathed all personal property owned at the time of her death to her son, but provided that if the son should have no "bodily heirs at his death" the personal property devised to him should go back to her estate. The court held that these provisions of the will were valid, and that in the event the son should die without bodily heirs, "the personal property bequeathed to him must go to the ulterior legatees."

But the defendant and the defendants-intervenors contend that the provisions of Item 10 of the will of Hattie Lee Finlayson are repugnant to the absolute bequests in Items 3 and 5, and cite as authority for their position such cases as Carroll v. Herring, 1920, 180 N.C. 369, 104 S.E. 892; Barco v. Owens, 1937, 212 N.C. 30, 192 S.E. 862, and Heefner v. Thornton, 1940, 216 N.C. 702, 6 S.E.2d 506, and cases of similar import. This line of cases gives the first taker the absolute right of disposition, and thus has no application to the Finlayson will. The distinction is well set out in Woodard v. Clark, 1951, 234 N.C. 215, 66 S.E.2d 888, 891, as follows:

"The power of disposition vested in plaintiff is not sufficient to bring this devise within the line of cases relied on by plaintiff. The testator does not confine the limitation over to property 'not used by her' or property she does not consume as in Barco v. Owens, 212 N.C. 30, 192 S.E. 862; or to property which the plaintiff 'die(s) possessed of', as in Carroll v. Herring, 180 N.C. 369, 104 S.E. 892, 895; or 'what is left' after a power to 'use and spend as he chooses, without any restriction', as in Roane v. Robinson, 189 N.C. 628, 127 S.E. 626, 627; or what shall 'remain unconsumed and undisposed of' pursuant to a power 'to use, consume and dispose of same absolutely as she shall see fit' as in Heefner v. Thornton, 216 N.C. 702, 6 S.E.2d 506, 508; or 'whatever property there is left' pursuant to power 'to do as they like with this property' as in Taylor v. Taylor, 228 N.C. 275, 45 S.E.2d 368."

The effort of the defendant and the defendants-intervenors to distinguish the Woodard cases on the basis that the court was confronted with a codicil which limited an absolute estate previously devised in the body of the will, and the effort to distinguish the Barton case on the basis that both the absolute bequest and the limitation were contained in the same paragraph, must be rejected. There are numerous North Carolina decisions holding that an absolute disposition in one item of a will can be limited by a subsequent item in the will. Henderson v. Western Carolina Power Co., 1931, 200 N.C. 443, 157 S.E. 425, 80 A.L.R. 497; Perrett v. Bird, 1910, 152 N.C. 220, 67 S.E. 507; Conrad v. Goss, 1947, 227 N.C. 470, 42 S.E.2d 609; Taylor v. Brown, 1914, 165 N.C. 157, 81 S.E. 137, and Savings Bank & Trust Co. v. Johnson, 1915, 168 N.C. 304, 84 S.E. 355.

Neither is the case of Hood v. McElvain, 1939, 215 N.C. 568, 2 S.E.2d 557, any authority for the contentions asserted by defendant and the defendants-intervenors. The same contention made here was made by the plaintiff in Woodard v. Clark, 1952, 236 N.C. 190, 72 S.E.2d 433, 436, and rejected by the court in the following language:

"But plaintiff cites and relies on Hood v. McElvain, 215 N.C. 568, 2 S.E.2d 557. She stressfully contends that the Court in that decision abandoned the common law rule and placed deeds and wills on a parity by holding that there can be no valid future interest in personal property created either by will or deed.

"That opinion, considered apart from the record in the case is clearly susceptible of that interpretation. 'But "the law discussed in any opinion is set within the framework of the facts of that particular case", (citing cases) or, as expressed by Chief Justice Marshall in United States v. Burr, 4 Cranch 469, at

page 481, 2 L.Ed. 684, at page 690: "Every opinion, to be correctly understood, ought to be considered with a view to the case in which it was delivered." ' Poindexter v. Johnson Motor Lines, 235 N.C. 286, 69 S.E. 2d 495, 496, and cases cited.

"When the Hood case is so considered, it is made to appear that it does not sustain plaintiff's position. There the court below concluded that the bequest to the first taker was coupled with an unrestricted right of disposition and that therefore the limitation over to the ulterior beneficiaries was void. While the record does not seem to sustain this conclusion, the appellant did not assail the judgment on that ground or cite any authority in respect thereto. And when the gift is to the immediate legatee with unrestricted power of disposition, it vests the absolute estate, leaving nothing in the testator 'capable of being given over to a third person.' Hall v. Robinson, supra, Annotation 17 A.L.R.2d 30. The attempted limitation over is void for repugnancy. Hall v. Robinson, supra; Chewning v. Mason, 158 N.C. 578, 74 S.E. 357, 39 L.R.A.,N.S., 805; Hambright v. Carroll, 204 N.C. 496, 168 S.E. 817; 3 Page Wills 426, sec. 1153; Thompson Wills 438.

"On the appeal from the judgment of the Superior Court, this Court was limited to a consideration of exceptions and assignments of error contained in the record and brought forward and discussed in the appellant's brief. Of necessity, therefore, the judgment entered was affirmed."

■ It having been stipulated that Emma F. Whitman, defendant's testate, died without children, it follows from what has been said that the title to the personal property bequeathed to her in Items 3 and 5 of the will of her mother, Hattie Lee Finlayson, vested absolutely in the plaintiff upon the death of Emma F. Whitman.

The other cases cited by the defendant and the defendants-intervenors have been carefully examined, and since none of them are in conflict with the construction herein placed upon the will of Hattie Lee Finlayson, a review of them is deemed unnecessary.

II

What Effect, if any, Did the Assignment Executed by H. Lee Finlayson, Jr., Dated May 29, 1942, and the Judgment Entered in the Cabarrus County Superior Court, Have Upon the Rights of the Plaintiff as Contingent Beneficiary or Remainderman Under the Last Will and Testament of Hattie Lee Finlayson?

As earlier noted, the legal effect of the assignment executed by the plaintiff on May 29, 1942, and the judgment entered in the Cabarrus County Superior Court, are so closely related that they can best be discussed together.

■ The defendant and the defendants-intervenors have apparently abandoned their plea of estoppel based upon the assignment executed by the plaintiff. Neither have cited any authority in either their original or reply briefs in support of their contention that the plaintiff is now estopped, by virtue of his execution of the assignment, to assert that he acquired an interest in the personal property devised by Items 3 and 5 of the will of his grandmother. The abandonment of this contention is understandable when an examination is made of the assignment. It only purports to deal with the assets held by D. Ray McEachern, trustee, which originally came from the land sold pursuant to the proceedings instituted in the Wayne County Superior Court. Since it in no way deals with the plaintiff's interest in the personal property devised under Items 3 and 5 of the will of Hattie Lee Finlayson, the assignment could not work an estoppel against the plaintiff with respect to such property. It is well established that an estoppel cannot be extended beyond the exact terms of the prior admission.

But the defendant and defendants-intervenors earnestly contend that the judgment entered in the Cabarrus County Superior Court is determinative of the issues involved in this action under the principle of *res adjudicata*. The plaintiff argues that the Cabarrus County judgment does not constitute an estoppel as *res adjudicata* since there is no identity of either subject matter or issues.

An examination of the Cabarrus County action clearly demonstrates that it was an outgrowth of the prior proceedings instituted by defendant's testate in the Wayne County Superior Court, and only dealt with the remaining assets in the hands of D. Ray McEachern, trustee, derived from the sale of land in Wayne County. At the time of the institution of the Cabarrus County action, H. Lee Finlayson, plaintiff's father, was deceased. The plaintiff was the only child born to his father. Consequently, the only parties that could have had any interest in the funds in the hands of the trustee were Emma F. Whitman and H. Lee Finlayson, Jr., and the unborn children of Emma F. Whitman. It is significant that Emma F. Whitman, the plaintiff in the Cabarrus County action, saw fit to allege, and request the court to find, that she had never had any children, and that it was impossible for her to give birth to a child. It is further significant that she deemed it necessary to obtain an assignment from H. Lee Finlayson, Jr., the plaintiff herein, of his interest in the remaining proceeds from the sale of the land in Wayne County. A copy of the will was attached to the complaint, but a construction of the will was not requested. While the court found and concluded that Emma F. Whitman took a fee simple interest in a one-half undivided interest in the real estate, it further found that H. Lee Finlayson, Jr., had assigned to Emma F. Whitman any interest, both present and prospective, he had in the funds derived from the sale of the real estate.

A construction of the will of Hattie Lee Finlayson was not necessary to achieve the results accomplished in the Cabarrus County action, and there is no basis for finding that the will was either considered or construed by the court. The only issue in the action was whether the proceeds of the sale belonged to Emma F. Whitman. When H. Lee Finlayson, Jr., assigned his interest in these funds to Mrs. Whitman, this issue was answered and there was no controversy between the parties. It is fundamental that a judgment does not operate as an estoppel to matters not essential to the decision, and that courts will not undertake to construe a will where the proceeding does not require a construction. Reid v. Alexander, 1915, 170 N.C. 303, 87 S.E. 125; Hobgood v. Hobgood, 1915, 169 N.C. 485, 86 S.E. 189. Additionally, it is uniformly held that in order for a judgment in a former action to constitute an estoppel as *res adjudicata* in a subsequent action, there must have been an identity of parties, of subject matter, and of issues, and that a prior action operates as an estoppel only as to those matters in the second proceeding which were actually presented and determined in the former action. Crosland-Cullen Company v. Crosland, 1958, 249 N.C. 167, 105 S.E.2d 655; Stanback v. Robertson, 4 Cir., 1950, 183 F.2d 889, and Atlantic Trust & Banking Co. v. Stone, 1918, 176 N.C. 270, 97 S.E. 8.

There is another reason why the plaintiff's position in this action is unaffected by the Cabarrus County action. In the proceedings previously instituted in the Superior Court of Wayne County for the sale of land conveyed by Item 5 of the will of her mother, Emma F. Whitman alleged that her brother, H. Lee Finlayson, took a fee simple estate in a one-half interest in the property, but that she only took a life estate. Her estate in the land could only have been limited to a life estate by Item 10 of the will. The provisions of both Item 5 and Item 10 of the will were set out in the complaint in the Wayne County proceedings. The judgment found as a fact that she only had a life estate in a one-half interest in the land. The same conclusion was implied in the subsequent proceeding in-

stituted by Emma F. Whitman to transfer the funds from the Clerk of the Superior Court of Wayne County to the Wayne National Bank, and the later proceeding to transfer the funds from the receiver of the Wayne National Bank to the Clerk of the Superior Court of Cabarrus County. There are certainly more valid and compelling reasons to hold that the Wayne County proceedings, particularly those instituted by defendant's testate for the sale of land, involved a construction of the will of Hattie Lee Finlayson, and a judicial determination that Item 10 constituted a limitation on the estate conveyed to Emma F. Whitman by Items 3 and 5 of the will, than there is to hold that the subsequent Cabarrus County proceeding involved either a construction of the will or determined the issues involved in this action. Further, if the judicial determinations in either of the proceedings are to control the issues involved in this action, the first judicial determination in the Wayne County proceedings would be controlling under the reasoning of the court in Current v. Webb, 1941, 220 N.C. 425, 17 S.E.2d 614.

It is concluded that the assignment executed by H. Lee Finlayson, Jr., dated May 29, 1942, and the judgment entered in the Cabarrus County Superior Court, did not affect the rights of the plaintiff as contingent beneficiary or remainderman under the last will and testament of Hattie Lee Finlayson, and that the plea of *res adjudicata* must be rejected.

### Conclusions of Law

1. The court has jurisdiction of the subject matter and of the parties.

2. The absolute title to all the personal property conveyed to Emma Finlayson Cannon by Items 3 and 5 of the will of Hattie Lee Finlayson, or the proceeds thereof, including the National Oil Company stock, vested in the plaintiff upon the death of Emma F. Whitman.

3. The assignment of H. Lee Finlayson, Jr., dated May 29, 1942, did not affect the rights of the plaintiff as contingent beneficiary or remainderman under the last will and testament of Hattie Lee Finlayson.

4. The judgment entered in Cabarrus County Superior Court did not affect the right of the plaintiff as contingent beneficiary or remainderman under the last will and testament of Hattie Lee Finlayson.